## THE STATE v. BAILEY.

Where, after the evidence had been concluded in a prosecution for murder, the attorney for the State states to the judge, out of the hearing of the jury, that no case had been made, out against the prisoner, but makes no offer to discontinue and the court, taking a different view of the evidence, communicates the opinion of the prosecuting attorney to the jury, the court cannot be required to charge the jury that they were bound to acquit the prisoner in consequence of a virtual abandonment of the prosecution. The jury should be charged that, they were not bound by the opinion of the prosecuting officer, but were bound to examine the case and decide according to their oaths. *Per Curian:* Without a proposition on the part of the State, assented to by the prisoner, the issue had necessarily to be submitted to the jury; and, when thus submitted, they, and not the prosecuting officer, were the judges of the guilt or innocence of the accused.

The opinions of medical men, examined as witnesses in a prosecution for murder, as to the cause of the death, are not conclusive upon the jury. Their testimony must be weighed by the jury, as other evidence.

APPEAL from the First District Court of New Orleans, *McHenry*, J. *Elmore*, Attorney General, for the State. *Sever*, for the appellant. The judgment of the court was pronounced by

KING, J. The defendant was convicted of murder, and has appealed from the judgment of the lower court given thereon. The grounds on which he asks a reversal of the judgment and a new trial, are presented in a bill of exceptions taken to the refusal of the judge to charge the jury as requested on the trial. The bill of exceptions is as follows:

" Be it remembered that, on the trial of this cause, while his honor, the judge, was charging the jury, he informed the jury that the attorney general had expressed to him the opinion that no case had been made out by the evidence against the defendant, and that he could not therefore urge a conviction by the jury; whereupon the counsel for the defendant asked his honor the judge, to charge the jury, that, inasmuch as the attorney general had expressed, and his honor had communicated to the jury, the opinion aforesaid, his honor was bound by law to charge the jury that they were bound to acquit the prisoner, the law officer of the State having virtually abandoned the prosecution; but the judge refused to charge as requested, and, on the contrary, charged the jury that they were not bound by the aforesaid opinion of the attorney general, but that it was their duty to examine the case irrespective of  said opinion. To which refusal to charge as aforesaid requested, and to the said charge as given by his honor, the counsel for the defendant then and there excepted. And, moreover, the counsel of defendant asked his honor to charge the jury, that they were bound by the opinion as to the cause of the death of the deceased, as testified to by the physicians who gave their evidence on the trial; but the judge refused to charge as requested, but charged that they were bound to consider the whole evidence. To which refusal the said counsel then and there excepted, and tendered this bill of exceptions for signature.

<div style="text-align:right"></div>

*By the Court:* The communication made to the court by the attorney general was not made in the hearing of the jury, and the court does not suppose that the attorney general expected that his opinion, given in this manner, would have been made known to the jury. The court, taking a different view of the case, felt that it was justice to the prisoner that the opinion of the attorney general should be made known: the court, therefore, charged the jury to take the case under consideration, and decide according to the oaths they had taken as jurors."

The district judge did not, in our opinion, err, in his instructions to the jury. The attorney general made no motion to discontinue the prosecution. He declined urging a conviction, and so informed the court, but still permitted the prosecution to proceed. The judge, on whose mind the evidence had produced a different impression, with all fairness communicated to the jury the opinion of the attorney general, and thus gave the prisoner the full benefit of that opinion. He left the case where the attorney general had left it, to the consciences of the jury, to be determined upon the testimony; and could not have done otherwise with the impressions which that testimony had made upon his mind. Without a proposition on the part of the State, and assented to by the prisoner, the issue had necessarily to be submitted to the jury; and, when thus submitted, they, and not the prosecuting officer, were the judges of the guilt or innocence of the accused.

The second point presented by the bill of exceptions is untenable. The general rule of evidence is that, witnesses can only testify to facts within their knowledge. An exception to the rule permits medical men to give their opinions in evidence on questions depending upon professional skill. But those opinions are not conclusive. They are to be weighed, as other evidence, by the jury, as the district judge properly charged. 1 Greenleaf on Ev. § 440. *Brabo* v. *Martin,* 5 La. 276. *Judgment affirmed.*