The State *v.* Freeman, et al.

A bill of indictment for manslaughter will not lie unless brought within one year after the offence shall have been made known to the public officer having the power to direct the investigation. And so as regards all criminal offences, except wilful murder, arson, robbery, forgery and counterfeiting.

APPEAL from the District Court of the Parish of Jefferson, *Cazabat,* J. Hon. *B. L. Lynch,* Attorney General, for the State. *Henderson & Hills* for appellant.

Hyman, C. J. The defendant, Freeman, was indicted for murder, convicted of manslaughter, and sentenced.

He has appealed.

Defendant moved to avert judgment on the verdict of the jury, because the bill of indictment was not found within one year after the commission of the crime of which he was convicted.

The bill of indictment was found by the grand jury on 24th April, 1864, and the crime is charged to have been committed in October, 1862. The year had elapsed.

The 10th section of an act entitled "An act relative to criminal proceedings," approved March 14, 1855, provides that no person shall be prosecuted, tried or punished, for any offence, wilful murder, arson, robbery, forgery and counterfeiting excepted, unless the indictment or presentment for the same be found or exhibited within one year after the offence shall have been made known to the public officer having power to direct the investigation.

It is contended on behalf of the State, that the right of prosecution under the statute referred to, only commenced when the offence was made known to the prosecuting officer, and that this right was suspended by the inability of the court to hold its session, by reason of the present war.

No averment of the kind is in the bill of indictment.

The jury should decide on every fact, essential under law, relative to the guilt or innocence of the accused.

The important facts relative to preventing or suspending prescription, were not charged in the bill of indictment, nor submitted to the public jury, nor decided by it, yet, on these facts, after the lapse of a year, in connection with the fact that defendant committed homicide, without malice aforethought, and not excusable or justifiable, depended his guilt of the crime of manslaughter by the laws of Louisiana.

These facts should have been charged in the bill of indictment, and proved to the satisfaction of the jury, to support the verdict for manslaughter. See *State* v. *Foster,* 7 A. 256.

It is therefore ordered, adjudged and decreed, that the verdict of the jury in the above named case be set aside, and the judgment of the District Court arrested,