State vs. Victor.

## No. 9232.

### THE STATE OF LOUISIANA VS. MARIUS VICTOR.

When a party is indicted for murder and convicted of manslaughter, the judgment should be arrested if the crime had not been denounced to a public officer having the power to direct a prosecution within one year previous to the finding of the grand jury, and the accused had not fled from justice. Nor could proof be offered of these causes of the suspension of prescription unless the same are averred in the indictment. The arrest of judgment in such a case does not debar another prosecution for manslaughter under a sufficient and proper indictment.

APPEAL from the Twenty-sixth District Court, Parish of St. John the Baptist. *Hahn*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*R. G. Dugué* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant was indicted for murder, tried and convicted of manslaughter and sentenced to eight years imprisonment at hard labor and has appealed.

He presents several reasons why the sentence should be reversed, only one of which we deem it necessary to notice.

In his motion in arrest of judgment, among other grounds in support of it, the accused averred that the offense, of which he was convicted, was prescribed.

The indictment charged that the crime was committed on the 8th of November, 1879, whilst the indictment itself was not found until the 3d of June, 1884.

Section 986 of Revised Statutes says: "No person shall be prosecuted for any offense 'wilful murder,' etc., excepted, unless indictment for same be found within one year next after the offense *shall have been made known* to a public officer having the power to direct the investiga-

tion or prosecution." With the *proviso*: "Nothing in this section shall extend to any person absconding or fleeing from justice."

Manslaughter is not one of the excepted offenses and, therefore, unless the conditions existed suspensive of prescription, the prosecution for such crime was barred by the statute. But the indictment contains no averment that the crime was not discovered and denounced to the proper officer within a year before the finding of the grand jury or that the prisoner had absconded or fled from justice, the conditions mentioned in the statute required to suspend prescription.

To admit·proof on the trial touching the existence of the facts necessary to a suspension of prescription it is essential that these facts must be averred in the indictment. State vs. Bilbo, 19 Ann. 76; State vs. Pierce, *Ib.* 90; State vs. Bryan, *Ib.* 435; And this is necessary even where the indictment charges murder only, and the jury convict of manslaughter. State vs. Foster, 7 Ann. 255; State vs. Freeman, 17 Ann. 69; State vs. Morrison, 31 Ann. 211.

It appears, however, that when the motion in arrest of judgment was on trial, evidence in relation to said facts were offered and admitted against the objections of the defendant's counsel, as we learn from bills of exception in the record.

It is clear that such testimony was not admissible at that stage of the proceedings, or in fact at any stage of the proceedings, in the absence of the required averments in the indictment; but it was particularly objectionable on the trial of a motion in arrest for the reason that such motion rests and must be determined by the face of the record, and also for a more vital reason that the motion presented questions of fact pertaining to the merits of the cause, which could be passed on alone by the jury. This point has been expressly decided in one of the cases cited above. State vs. Foster, 7 Ann. 255.

The evidence was, therefore, improperly admitted and the motion in arrest improperly overruled.

This conclusion, however, does not operate as a bar to a prosecution of the accused for manslaughter. He cannot be tried for murder, for he stands, by the effect of the verdict, acquitted of that charge, but following the precedents established in the case of State vs. Foster, 7 Ann. 255, and Same vs. Same, 8 Ann. 290, we shall, while annulling the verdict and sentence and arresting the judgment, do so without prejudice to a legal prosecution for the crime of manslaughter.

The principle upon which this and the previous rulings in the cases cited rest, is that, where a conviction is had upon an indictment upon

the face of which the offense is prescribed, such indictment is insufficient and illegal in not containing the averments required to show a suspension of prescription, and the bill being thus defective it did not bar another prosecution for the same offense under a valid indictment; and that such further prosecution on account of such insufficiency in the first indictment would not be putting the accused twice in jeopardy for the same offense.

It is, therefore, ordered, adjudged and decreed that the verdict against the prisoner be set aside, and the judgment and sentence arrested without prejudice to a legal prosecution for the crime of manslaughter.