BAKER, J.
Defendant was indicted and tried for murder and was convicted of manslaughter.
Of the several bills of exceptions in the record, we find it necessary to dispose of only one. It refers to the judge’s charge on the subject of involuntary manslaughter, as distinguished from accidental and excusable homicide. The defendant, who was under the age of 15 years, had shot and killed another boy. The defense was that the gun went off accidentally. Under those circumstances, the most important subject on which the judge had to instruct the jury was the legal distinction between involuntary manslaughter and accidental homicide. The instruction complained of was as follows, viz.:
“The law, gentleman of the jury, presumes that every person who kills another killed him with malice aforethought if the killing was premeditated, willfully and unlawfully done, unless the circumstances are such as to raise a contrary presumption; and the burden of proving circumstances of justification, excuse, or provocation is upon the person who is shown to have killed another; and it has been held that the evidence of excuse, justification, or extenuation must preponderate, and tliat it is not enough to raise a reasonable doubt in such killing.”
[1] The charge that defendant was not entitled to the benefit of a reasonable doubt upon the question whether the homicide was excusable as an accident, and that he bore the burden of proving by a preponderance of evidence that the homicide was not excusable as an accident, was an erroneous charge. 2 Wharton’s Criminal Law (10th Ed.) p. 1818. Defendant’s admission of the killing did not relieve the state of the burden of proving, beyond a reasonable doubt, that the killing was unlawful, not excusable or justifiable, as an accident. If all of the evidence in the case left a reasonable doubt on that question, the defendant was entitled to an acquittal.
[2] Appellant contends that he should have been tried as va juvenile, in the juvenile court, for manslaughter, and that the indictment for murder was found not in good faith but as a subterfuge to take the case out of the juvenile court. It appears that he was first indicted for manslaughter and he pleaded to the jurisdiction of the district court, as such, to try a juvenile for manslaughter. While the plea to the jurisdiction was pending, the district attorney entered a nol. prosequi; and the grand jury then indicted the boy for murder. In explanation of these .facts the district attorney says that the grand jury originally intended to return an indictment for murder, and that the drafting of the indictment for manslaxxghter was a mistake. We find it unnecessary to decide the question presented, because the district attorney admitted in his argument to this court that defendant is yét under the age of 17 years, and therefore cannot be tried for manslaughter except in the juvenile court. Having been acquitted of the crime of murder, he cannot be tried again for that crime, as far as this homicide is concerned.
[3] The verdict and sentence appealed from are annulled, and it is ordered that this case be remanded for trial of the defendant for manslaughter as a juvenile and in the juvenile court, according to the provisions of Act 228 of 1920, p. 380, and section 52 of article 7 of the Constitution.