(111 So. 461)

No. 28309.

#### STATE v. DABON.

(Jan. 3, 1927. Rehearing Denied Jan. 31, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Infants ⬳68—Minors; in prosecution of 15 year old girl for murder in parish of Orleans, district court's jurisdiction held not divested by prosecuting counsel's waiver of capital verdict (Const. 1921, art. 7, § 96).**

In prosecution in parish of Orleans of 15 year old girl for murder, district court's jurisdiction, under Const. 1921, art. 7, § 96. excepting juvenile court's jurisdiction over neglected or delinquent children under 17 years of age in case of capital crimes, was not divested by statement of prosecuting counsel that he would

not ask for capital verdict, as crime alleged was capital though death penalty should not be inflicted, and as counsel could not bind jury by waiver.

2. **Criminal law ⬳93—Offense for which death penalty may be inflicted is "capital offense," though lesser penalty is given.**

"Capital offense" exists under any circumstances where penalty of death may be inflicted, regardless of whether penalty is inflicted in particular case.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Capital Crime or Offense.]

3. **Homicide ⬳282½—In murder prosecution, prosecuting counsel's waiver of capital verdict was not binding on jury.**

In prosecution of 15 year old girl for murder, statement of prosecuting counsel that he would not ask for capital verdict was not binding on jury, as jury were judges of guilt or innocence of defendant.

4. **Infants ⬳68—Minors; conviction of 15 year old girl of manslaughter acquitted her of capital crime, ousting district court of parish of Orleans of jurisdiction (Const. 1921, art. 7, § 96).**

Where 15 year old girl, indicted for murder, was convicted in district court of parish of Orleans of manslaughter by verdict of jury, such verdict ousted jurisdiction of district court to try or sentence juvenile defendant ab initio, under Const. 1921, art. 7, § 96, conferring jurisdiction upon juvenile court for parish of Orleans to try delinquent children under 17 except for capital crimes, as conviction of manslaughter operated as acquittal of capital offense of murder charged in indictment.

5. **Homicide ⬳315—Verdict of guilty of manslaughter amounts to acquittal of murder charge.**

Verdict of guilty of manslaughter is equivalent to verdict of not guilty of murder.

6. **Infants ⬳68—Minors; crime of manslaughter, committed by juvenile, is mere delinquency, triable and punishable as provided by special laws (Const. 1921, art. 7, § 96; Act No. 126 of 1921).**

Crime of manslaughter committed by juvenile is mere delinquency, triable and punishable in manner provided by special laws, being governed in parish of Orleans by Const. 1921, art. 7, § 96, giving juvenile court for parish of Orleans jurisdiction to try delinquent children under 17 except for capital crimes, and Act No.

126 of 1921, providing for proceedings in administration of juvenile court.

Land and Brunot, JJ., dissenting.

Appeal from Criminal District Court, Parish of Orleans; Frank T. Echezabal, Judge.

Thelma Dabon was convicted of manslaughter and she appeals. Verdict and sentence annulled, and case remanded to juvenile court for further proceedings.

Ed. I. Mahoney and Henry J. Rhodes, both of New Orleans, for appellant.

Percy Saint, Atty. Gen., Henry Mooney, Dist. Atty., and J. Bernard Cocke, both of New Orleans, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ROGERS, J. The appellant, a negro girl 15 years of age, was indicted for the murder of one Arthur Dabon, her father. She was convicted of manslaughter, with a recommendation for leniency, and sentenced to imprisonment in the state penitentiary, at hard labor, for a term of not less than 10 nor more than 15 years, and to pay a fine of $100, or, in default of payment thereof, to serve 60 days additional in the parish prison.

During the course of the trial, defendant reserved a bill of exception to the admission, over her objection, of two alleged voluntary confessions, one to her uncle, James Dabon, and the other to Corporal John J. Barrett, of the New Orleans police force. She also reserved bills of exception to the action of the trial judge in overruling her motions for a new trial and in arrest of judgment. In this court, appellant has filed an assignment of errors in which she sets forth five separate and distinct grounds of error appearing on the face of the record committed by the trial judge to her prejudice.

We find it necessary to consider only the jurisdictional questions raised by the appellant.

[1] After the jury was impaneled and sworn for the trial of defendant and before any evidence whatever was offered, counsel prosecuting on behalf of the state announced in open court that he would not ask for a capital verdict. Appellant contends that by virtue of this announcement the state waived its right to a capital verdict, thereby taking the crime with which she was charged out of the category of capital crimes within the meaning the Constitution and laws of the state, and divesting the district court of jurisdiction to try her for any offense. We do not think the contention is sound.

The Constitution of 1921, art. 7, § 96, creates a "juvenile court for the parish of Orleans," and confers jurisdiction upon said court to try, except for capital crimes, neglected or delinquent children under 17 years of age. The proceedings before, and the administration of, the court is provided for by Act 126 of 1921.

[2] Felonies are either capital or not capital. If, under any circumstances, the penalty of death may be inflicted, the offense is capital whether it is actually inflicted in a particular case or not. If, under no circumstances, the penalty of death can be inflicted, the crime is not capital. In the case at bar the jury could have convicted the defendant of murder without capital punishment. The fact that it was within their power to determine whether the penalty should be death or be imprisonment for life in the penitentiary does not make the crime less capital than before.

[3] The waiver of a capital verdict by the prosecuting officer was not binding upon the jury; it was merely persuasive. When the case was submitted to the jury, they, and not the prosecuting officer, were the judges of the guilt or innocence of the defendant. State v. Bailey, 4 La. Ann. 376.

[4] Although the district court was vested with jurisdiction to try defendant for the capital offense with which she was charged, a more serious legal question is presented as

the result of the verdict of manslaughter found by the jury. Appellant contends that the trial judge erred in refusing to hold that the verdict was in law and in legal effect a presumption juris et de jure that the district court had no jurisdiction to try or sentence her, a juvenile offender, ab initio.

[5, 6] There can be no doubt that the verdict "guilty of manslaughter" was equivalent to a verdict of not guilty of the offense charged in the indictment. It is also clear that under the legislation of the state affecting juveniles in the city of New Orleans, outside of a capital offense, a child under 17 years of age who violates any law of the state or ordinance of the city simply becomes a delinquent child and subject to the jurisdiction of the juvenile court. So that what in an adult would be considered and punished as the crime of manslaughter, when committed by a juvenile is a mere delinquency triable and punishable in the manner provided by special laws. Const. 1921, art. 7, § 96; Act 126 of 1921; State v. Malone, 156 La. 617, 100 So. 788; State v. Duckett, 160 La. 920, 107 So. 696.

The case of State v. Bridges, 149 La. 844, 90 So. 217, is singularly appropriate here. In that case a juvenile indicted for murder was found guilty of manslaughter. This court set the verdict aside because of an erroneous instruction by the district judge. The accused, however, was remanded for trial to the juvenile court, and not to the district court. In support of our order we said:

" * * * The district attorney admitted in his argument to this court that defendant is yet under the age of 17 years, and therefore cannot be tried for manslaughter except in the juvenile court. Having been acquitted of the crime of murder, he cannot be tried again for that crime, as far as this homicide is concerned."

If this court should have seen fit to examine the action of the trial judge in admitting the alleged voluntary confessions of the defendant, and, from that examination, should have reached the conclusion that the judge erred in his rulings, the case would be identical with the Bridges Case, and under the decision there would have to be, unquestionably, remanded to the juvenile court. We see no valid reason why a like procedure should not be followed in the case as it presently appears before us. The legal principles governing both cases are the same, and they should be disposed of in the same way.

In State v. Howard, 126 La. 353, 52 So. 539, and 127 La. 435, 53 So. 677, and State v. Hardy, 142 La. 1061, 78 So. 116, the vital question was whether the district court or the juvenile court was vested with jurisdiction to try a child under 17 years of age, charged by indictment with the crime of murder. The court ruled that the trial under such an indictment was exclusively within the jurisdiction of the district court. The decisions are, to that extent, in accord with our present ruling that the appellant was properly tried in the district court for the crime (murder) for which she was indicted. Since, however, in the three cases referred to, supra, the defendants were convicted of manslaughter, it would appear they are in conflict with our present ruling that such a conviction operated as an acquittal of the crime charged, and as there can be no valid indictment or prosecution of a juvenile for the crime of manslaughter, appellant, as a delinquent child, is subject only to the jurisdiction of the juvenile court. On this point, the authority of those cases may be seriously questioned. The contention on which our ruling here is based was not, apparently, raised in the Howard and Hardy Cases. In fact, in the latter case, the appellant made no appearance in this court, either in person or by counsel. In order to clarify the situation, however, we have concluded to overrule, and do hereby overrule, the three cases referred to, supra, in so far

as they may conflict with our decision in this case.

For the reasons assigned, the verdict and sentence appealed from are annulled, and it is ordered that this case be remanded to the juvenile court for the parish of Orleans to be there proceeded with in accordance with the laws applicable to said court.

LAND and BRUNOT, JJ., dissent.

O'NIELL, C. J. (concurring). In the ninety-sixth section of article 7 of the Constitution, and in the second section of the Act 126 of 1921, p. 318, it is declared that the juvenile court for the parish of Orleans shall have jurisdiction, except for capital crimes, of the trial of all children under 17 years of age who may be charged in said court, as being neglected or delinquent children. Among the various definitions of the term delinquent child, in the fourth section of the statute, the term is said to mean any child 17 years of age or younger who violates any law of the state. Therefore a child under the age of 17 years who has committed manslaughter is not a felon, to be tried in the criminal court, but merely a delinquent child, to be dealt with only in the juvenile court. When a child under the age of 17 years is indicted for murder, the case is one in which only a jury of 12 in the criminal district court can decide whether a felonious homicide was committed, and, if so, whether it was murder or manslaughter, but when the jury decides that the crime was not murder but manslaughter, the verdict means, and is, in effect, that the child was indicted for a crime which the child did not commit. The main object and purpose in the establishment of juvenile courts was not merely to have a different form of procedure for the trial of juvenile offenders, but to deal with them as wards of the state, to be kept apart from the demoralizing influence of hardened criminals, and to be reformed and redeemed,

not degraded and ruined. It would be paying attention more to the forms of procedure than to the object and purpose of the law to say that, because this child was indicted for the crime of murder, which she did not commit, she should be finally dealt with and punished as a felon, whereas, if she had been properly accused of the crime which she did commit, she should be dealt with not as a felon but only as a ward of the state, not to be made an example of but to be reformed and redeemed. There are at least four decisions in our jurisprudence which by analogy sustain our ruling in this case, viz.: State v. Foster, 7 La. Ann. 256; State v. Freeman, 17 La. Ann. 69; State v. Morrison, 31 La. Ann. 211; and State v. Victor, 36 La. Ann. 978. The defendant in each of those cases was indicted for murder, alleged to have been committed longer than a year before the finding of the indictment, and was found guilty of manslaughter, and the verdict was annulled because the indictment did not contain an allegation showing that the prosecution for manslaughter was not barred by the statute of limitations, even though, by the terms of the statute, a prosecution for murder could not be barred by prescription. In each case the defendant was held subject to prosecution for manslaughter, under a new indictment or bill of information containing an allegation showing that the prosecution for manslaughter was not barred by the statute of limitations. There was no acquittal of the crime of manslaughter because there was no valid indictment for manslaughter, but the acquittal of the crime of murder was valid because the indictment for murder was valid. And so, in this case, the prosecution and acquittal of the crime of murder were valid, according to the indictment, but the conviction of the crime of manslaughter is not valid because there could be no valid indictment or prosecution of a juvenile for the crime of manslaughter. This case, like the

four cases cited, where the indictment was a valid indictment for murder but not for manslaughter, is an exception to the rule, established by section 785 of the Revised Statutes, that on trials for murder the jury may find the prisoner guilty of manslaughter.

I confess that I cannot reconcile our ruling in this case with the ruling in State v. Howard, 126 La. 353, 52 So. 539, and 127 La. 435, 53 So. 677, or in State v. Hardy, 142 La. 1061, 78 So. 116, or distinguish those cases from this case. We have either to perpetuate the error by affirming those decisions or to correct it as far as we can by overruling them; and between the two evils we have chosen the less. I concur in the majority opinion in this case.