(125 So. 442)

No. 30194.

STATE v. NEAL.

Dec. 2, 1929.

Cas Moss, of Winnfield, for appellant.

Percy Saint, Atty. Gen., Harry Fuller, Dist. Atty., of Winnfield, and E. R. Schowalter, Asst. Atty. Gen., for the State.

O'NIELL, C. J. The appellant was indicted for the crime of assault with intent to commit rape, and was prosecuted in the district court. He was then under the age of 17 years, and was therefore not subject to indictment, or trial in the district court, for any crime except a capital crime or the crime of assault with intent to commit rape. For

any other crime a juvenile, under the age of 17 years, must be dealt with as a delinquent child, in the juvenile court. Const. 1921, art. 7, § 52. The district judge, charged the jury that they could render any one of the three verdicts, viz. (1) Guilty as charged; (2) guilty of only an assault; or (3) not guilty. The jury rendered the verdict: Guilty of an assault upon ———, naming the same girl whose name was given in the indictment. The district attorney, realizing that the district court did not have jurisdiction to try the defendant for a mere assault, and that the judge had erred in charging the jury that they might find the defendant guilty of a mere assault, filed a motion to have the verdict set aside as being null, and to have the defendant tried in the juvenile court, as a delinquent child, for having committed the alleged assault. The attorneys for the defendant protested against his being sent to the juvenile court for trial for the assault for which he had been tried and convicted; but the judge overruled the objection, set aside the verdict as being null, and assigned the case for trial of the defendant as a delinquent child, in the juvenile court, for the alleged assault. The attorneys for the defendants reserved a bill of exceptions to the ruling; and, when the case was called for trial in the juvenile court, they filed a plea of autrefois acquit, which plea was also overruled, and to which ruling the attorneys reserved another bill of exceptions. The defendant was then tried in the juvenile court, of which the judge of the district court is ex officio the presiding judge, and was found guilty of the assault, and was ordered confined in the Louisiana Training Institute for Boys, at Monroe, for an indefinite term, not beyond his minority. He has appealed from the conviction and sentence, and relies upon the guaranty in the Bill of Rights, in section 9 of article 1 of the

Constitution 1921, viz.: "Nor shall any person be twice put in jeopardy of life or liberty for the same offense, except on his own application for a new trial, or where there is a mistrial, or a motion in arrest of judgment is sustained."

■ The defendant's liberty was not put in jeopardy for the commission of a mere assault, without intent to commit rape, by the trial in the district court for assault with intent to commit rape, because he was not subject to conviction, or trial in the district court, or subject to indictment, for a mere assault, without intent to commit rape. The district judge was in error in charging the jury that they could convict the defendant for an assault if they found that he had committed an assault without intent to commit rape; and the judge corrected the error when he set aside the verdict as being null.

■ When a juvenile is on trial in the district court, in session as a criminal court, for a crime for which that court has jurisdiction to try a juvenile, he cannot be convicted legally of a crime for which the court has not jurisdiction to try a juvenile offender—even though the crime is essentially included in the crime charged in the indictment. State v. Bridges, 149 La. 844, 90 So. 217; State v. Dabon, 162 La. 1075, 111 So. 461.

■ The general rule, of course, is that a defendant on trial for a crime is subject to conviction of a crime of a less serious nature that is essentially included in the definition of the crime charged in the indictment; but, when a juvenile offender is indicted for a crime for which he is subject to indictment as a felon, he is not thereby indicted for an offense for which he is not subject to indictment or trial in the criminal court. even though the latter offense is essentially included in the definition of the crime charged in the indictment.

There were four analogous decisions rendered by this court before the decision in State v. Bridges was rendered, viz. State v. Foster, 7 La. Ann. 256; State v. Freeman, 17 La. Ann. 69; State v. Morrison, 31 La. Ann. 211, and State v. Victor, 36 La. Ann. 978. In each of those cases the defendant was indicted for murder, alleged to have been committed longer ago than a year before the finding of the indictment, and was convicted of manslaughter; and the verdict, in each case, was pronounced null because the indictment did not contain an allegation showing that the prosecution for the crime of manslaughter was not barred by prescription—exempli gratia, that the defendant had fled from justice. In each of those cases, the defendant was declared subject to prosecution for manslaughter under a new indictment, containing an allegation to the effect that the prosecution for manslaughter was not barred by prescription. The verdict of guilty of manslaughter, in each of those cases, was an acquittal of the crime of murder because the indictment was a valid indictment for murder, but the conviction of the crime of manslaughter was not a valid conviction because the indictment was not a valid indictment for manslaughter. And so it is in this case. The acquittal of the defendant of the crime of assault with intent to commit rape was a valid acquittal, because the indictment for that crime was a valid indictment, but the conviction of the mere assault, without intent to commit rape, was not a valid conviction, because the defendant was not subject to indictment for that offense. The subsequent trial and conviction of the defendant in the juvenile court, as a delinquent juvenile, for having committed the assault upon the girl, were valid, notwithstanding the assault was the same assault for which the defendant was legally indicted and tried and acquitted of the crime of assault with intent to commit rape.

The attorneys for the defendant objected to going to trial in the juvenile court when the case was called for trial, on the ground that no summons had been served upon the father of the child. Section 7 of Act No. 83, Ex. Sess. of 1921, p. 130, referring to juvenile courts, provides that, when an affidavit is filed, charging the neglect or delinquency of a child, the judge shall issue a summons to the person having the custody of the child to appear in court with the child on the day following the service of such summons. In this instance, however, the father was present in court with the child, as were also the attorneys representing the child, when the judge notified the father of the date set for trial in the juvenile court; and the father appeared in the juvenile court with the child on that day, as did also the attorneys representing the child. In those circumstances, we maintain that service of a summons upon the father or custodian of the child was not sacramental.

The judgment and sentence are affirmed.