173 La. 974

## STATE v. WEST.

### No. 31579.

Supreme Court of Louisiana.

Jan. 4, 1932.

H. W. Ayres, of Jonesboro, and T. L. Scarborough, of Ruston, for appellant.

Percy Saint, Atty. Gen., Walter E. McBride, Dist. Atty., of Ruston, and E. R. Schowalter, Asst. Dist. Atty., for the State.

OVERTON, J.

Defendant was indicted for murdering his father. He was convicted as charged, without capital punishment, and was sentenced to the penitentiary for life.

In arguing the case to the jury, the district attorney said:

"There are four verdicts you may render, guilty as charged, which means hanging; guilty as charged, without capital punishment, which means life imprisonment in the penitentiary, guilty of manslaughter, which ordinarily means twenty years in the penitentiary. Under the laws of Louisiana, a defendant under seventeen years of age with the exception of a few crimes, among them murder, cannot be tried, except before a judge, sitting as a juvenile court. There is some evidence that this defendant has not reached the age of seventeen years. I do not know. If he should be convicted of manslaughter he could cause said conviction to be set aside and be dealt with as a juvenile and sent to some theoretical reformatory."

The foregoing was the statement made by the district attorney in his argument to the jury, as appears from the face of the bill, and is identical with that appearing in the note of evidence, which was dictated by the district attorney at the time objection was made to the argument. However, according to the district attorney, in which he is supported by the trial judge, as appears from the per curiam attached to the bill, the stenographer did not take down all that the district attorney said. That official, according to the per curiam of the trial judge, and as conceded by defendant in his briefs, in addition to what the bill recites that he said, and as a continuation thereof, stated, in substance, that:

"Manslaughter is the killing of one person by another in the heat of passion, on the spur of the moment, without premeditation. If, in your opinion, the defendant is guilty of manslaughter, under the evidence adduced, and the law as will be given to you by the court, then I want you to say so, regardless of what the ultimate punishment may be. If he be guilty of a greater crime, or of no crime at all, I want you to say so, regardless of what the ultimate punishment may be. Try the case under your oaths. You are not interested in the extent of the punishment that may or may not be inflicted, but only in determin-

ing the question of the degree of guilt, or of innocence. Be guided by the law as given to you by the court, and not by what counsel may state to be the law. I have stated the law to you according to my conception, because I have a right to do so."

When the defendant objected to the argument of the district attorney, he asked the court to instruct the jury to disregard the statement made by the district attorney, at which time the court instructed the jury that it would charge them at the proper time as to the law applicable to the case, and that the jury would be bound by that law in arriving at a verdict. The court, in its general charge, instructed the jury that they could return one of four verdicts, namely, guilty as charged; guilty as charged, without capital punishment; guilty of manslaughter; and not guilty.

The statement made by the district attorney was objected to on the ground that it was unfair, prejudicial, and constituted an appeal to the jury not to render a verdict of manslaughter, which the law says the jury has a right to render. Objection was also made to the fact that the statement was dictated to the stenographer, in preserving it as the basis for a bill, in the presence of the jury.

■ Murder is an offense punishable with death, and therefore is a capital offense. Rev. Stat. § 784. No crime is known in this state as murder in the second degree; but on a trial for murder the jury may find the prisoner guilty of manslaughter. Rev. Stat. § 785. The penalty for manslaughter is imprisonment at hard labor, not exceeding twenty years, and a fine not exceeding $2,000. Rev. Stat. § 786. Murder, being a capital offense, falls within the exclusive original jurisdiction of the district court, without reference to the age of the accused. Const. 1921, art. 7, §§ 35, 51, 52. However, this is not so of manslaughter, for manslaughter, not being a capital offense, whenever the charge is against a person under seventeen years of age, the offense falls within the exclusive original jurisdiction of the juvenile court, in which it is charged and tried, not as a crime, but as a mere delinquency. Const. 1921, art. 7, § 52; Act No. 83 of 1921 (Ex. Sess.).

■ The indictment in this case charges the accused with murder. No allegation was made of the age of the accused; such allegation being neither usual nor essential. However, as murder includes manslaughter, and as one accused of murder has an interest in showing that he is under seventeen years of age to establish the want of jurisdiction of the trial court, that is, the district court, of the included offense of manslaughter, and to secure his rights as a juvenile, evidence is admissible to show that he is under the age of seventeen. Upon the introduction of such evi-

dence, and upon the consideration of the remaining evidence in the case, should the jury find that the accused is not guilty of murder, they should so find him, but, as to the included offense of manslaughter, should the jury find that the accused is under the age of seventeen, they should report that they so find, and hence return no verdict touching the guilt or innocence of the accused as to that offense, since the court is without jurisdiction of it. The result would be, upon the return of the finding last mentioned, that the accused would be triable in the juvenile court, before the juvenile judge, as a delinquent child, upon proper proceedings had. It would be vain, if indeed it might not lead to an uncorrected miscarriage of justice, for the jury to return a verdict of manslaughter, when, in their undisclosed judgment, the accused is under seventeen years of age. This should be the course pursued, because, while the district court, sitting with a jury, has jurisdiction over capital offenses, without reference to the age of the accused, yet with the single exception of an assault with intent to commit rape obtaining in the country parishes, the jury can return no verdict touching the guilt or innocence of the accused when he is under seventeen years of age as to an offense not capital, although included in the offense charged. State v. Neal, 169 La. 441, 125 So. 442; State v. Dabon, 162 La. 1075, 111 So. 461; State v. Bridges, 149 La. 844, 90 So. 217.

■ In the case at bar, defendant offered evidence to show that he was under seventeen years of age. The district attorney, as appears from his argument, quoted supra, did not concede that the accused was under that age. He had a right therefore to argue that, if the accused were found not guilty of murder, he should be convicted, if the law and the evidence justified it, and he were found to be seventeen years of age or over, of manslaughter; but that, if he were under that age, he could not be convicted of that offense. This argument, of course, should not be interspersed with intimations or statements, tending to cast ridicule or reproach upon the law, designed to bring about an erroneous verdict. State v. Johnson, 151 La. 625, 92 So. 139.

In the first quotation made by us from the district attorney's argument, there are expressions in it, which, if standing alone, might be construed by the jury as an appeal not to convict of manslaughter, but rather of murder, based upon the hypothesis that, if the accused were under seventeen years of age and were convicted of manslaughter, the verdict could be set aside, the accused tried in the juvenile court, and sent to some "theoretical reformatory." However, following the objection urged by the defendant, the district attorney, as appears from the second excerpt quoted by us from his argument, as shown by the bill, clearly, we think, disabused the

minds of the jurors of any intention to convey to them that such an inference was to be drawn from his argument; for he says, "if in your opinion the defendant is guilty of manslaughter, under the evidence adduced and the law, as will be given to you by the court, then I want you to say so, regardless of what the ultimate punishment may be," and again, "try the case under your oaths. You are not interested in the extent of the punishment that may or may not be inflicted, but only in determining the question of the degree of guilt, or of innocence. Be guided by the law as given to you by the court, and not by what counsel may state the law to be."

■ The statement of the district attorney may not be an accurate statement of the law in all respects, especially in view of the fact that it did not advise the jury as to what they were to do if they found that the accused was not guilty of murder, and that he was under seventeen years of age, but rather gives the impression, whether they so found or not, that he should be found guilty of manslaughter, if the evidence in other respects justified it, leaving it to the judge, on a motion for a new trial, if he found the accused to be under seventeen years of age, to grant relief. The general charge of the trial judge seems to be affected with the same error, for he instructed the jury, without any limitation or qualification, as to age, that they could return a verdict of manslaughter. However, aside from the fact that defendant was apparently insisting upon the right of the jury to return, without reference to age, a verdict of manslaughter, and therefore no bill was taken to the charge, the verdict of the jury shows that these errors, as to the effect of age upon the jurisdiction, were harmless, for the jury, although they were instructed that they could render a verdict of manslaughter, with no qualification as to the effect of the age of the accused on that power, found him guilty of murder, though saved him from the gallows by qualifying the verdict. It stands to reason that with the instructions of the court before them, the jury, had they thought the accused guilty of manslaughter, would have returned that verdict, whether he was under seventeen years of age or not. It may be said that the accused was at least fifteen years of age.

Our conclusion is that the remarks of the district attorney, when considered in their entirety, as well as the error of the trial judge in his charge, worked no prejudice to the accused, but, under the circumstances, were harmless.

■ There was no error in the district attorney's repeating to the stenographer, in the presence of the jury, in order for defendant to preserve a bill to the remarks, what he had just said to the jury. The jury already had knowledge of the remarks, which, as we have said, upon the whole, were not prejudicial to defendant. Moreover, the court was not requested to withdraw the jury.

The verdict and the sentence appealed from are affirmed.