145 So.2d 627 (1962)
The STATE of Louisiana in the Interest of James Wilburn COOK.
No. 756.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1962.
Rehearing Denied October 29, 1962.
Certiorari Denied January 3, 1963.
*628 Ralph N. Jackson, New Orleans, for appellants.
Richard A. Thalheim, Gretna, for appellee.
Before FRUGÉ, MENUET and ELLIS, JJ.
FREDERICK S. ELLIS, Judge.
This is an appeal from the Juvenile Court of the Parish of Jefferson, taken from three orders of the court finding James Wilburn Cook, a juvenile thirteen (13) years of age, to be a delinquent juvenile and committing him to the Louisiana Training Institute at Monroe, Louisiana.
The records of these cases are somewhat sketchy, testimony having been transcribed in only one case. However, there are police reports and statements of the parties involved, and from these the factual situation would appear to be as follows.
Appellant, on February 9, 1962, skipped school, and was riding in an automobile with three other boys. One of the other boys observed a negro man standing on a street corner, and, apparently at his suggestion, the car was driven close to the man and the boy struck him in the head with a bottle, causing a serious cut on his head.
Subsequently, the four boys were apprehended and a petition was filed on appellant on February 15, 1962. Hearing was fixed for February 21, 1962 and a notice thereof directed to the juvenile's parents was served on his mother on February 19, 1962.
On February 15, 1962, appellant was observed by Captain Cambre of the Kenner police to shake his fist at the student traffic guard at Kenner Junior High School. Captain Cambre directed the guard to tell appellant to come over to the police car in which he was sitting. When the guard did so, appellant made some difficulty and the guard attempted to take him by the hand or arm. Cook hit him and then kicked him in the stomach. He was again taken to the Jefferson Parish Jail, and another petition was filed on him. No notice of a hearing on this petition was given to the appellant's parents.
At the hearing on February 21, 1962, which was held on both petitions, appellant was adjudged a juvenile delinquent and committed to Louisiana Training Institute at Monroe, Louisiana. He was incarcerated with the other boys who were involved in the first incident in a cell in the Jefferson Parish Jail to await transportation to Monroe. Apparently feeling that they had not been treated fairly, the four boys proceeded to kick holes in the plaster walls of the cell, and to destroy plumbing fixtures therein. Specifically, Cook, kicked a hole in the ceiling and kicked the shower head off. The damage was discovered the next morning by the jailers.
In the meanwhile, the trial judge had reconsidered his decision to commit the appellant, and when the other three boys were taken to Monroe, Cook remained in the Jefferson Parish Jail. The judge, when informed of the property damage, authorized the filing of a third petition on appellant, on which a hearing was held on February 27, 1962. At this final hearing, appellant was represented by counsel, and a transcript of the testimony was taken.
Appellant was found to be a delinquent juvenile, and was committed to Louisiana Training Institute by the court.
Appeals were taken from the rulings on all three petitions, which were consolidated for argument in this court.
Appellant bases his appeal on the following contentions:
"(1) The offenses involved and the three charges involved in these proceedings *629 are as a matter of law and of public policy not of sufficiently serious nature to warrant removal of a thirteen-year-old child from the custody of his parents and commitment to an indefinite term (which could run for as long as eight years) to the State Training School in Monroe.
"(2) The interest of the child in the circumstances of this case and the interest of the State in protecting the said child cannot and will not be served by the removal of the child from his parents and his incarceration in a reformatory at this time.
"(3) Each of the above proceedings involves grave and serious violations of common and accepted standards of due process of law."
We shall consider the last contention first. The specific violations of due process complained of appear to be (1) lack of proper notice of hearings; (2) the taking of a confession from appellant while he was illegally incarcerated; (3) failure of the trial court to make a preliminary inquiry as required by LSA-R.S. 13:1574.
LSA-R.S. 13:1575 requires that a summons issue to the persons having the custody of the child to appear for the hearing, unless they shall voluntarily appear. No minimum delay is fixed under the law. In this case, a summons did issue for the hearing on the first petition. In the hearing on the third petition, appearance was voluntary. In the hearing on the second petition, which is that principally complained of by appellant, it appears that the hearing was held without any objection being made by the appellant or his parents, who were also present. This hearing was held at the same time as the hearing on the first petition. We feel that the presence of the parents and appellant at the hearing on the second petition constitutes a voluntary appearance within the spirit of the law. State v. Neal, 169 La. 441, 125 So. 442 (1929).
With respect to the confession obtained while illegally incarcerated, there can be no doubt that appellant was, in fact, illegally held in jail under the provisions of LSA-R.S. 13:1577, since he was under the age of fifteen (15). However, appellant told the officers that he was fifteen (15) years of age, and his true age was not revealed to the court until the hearing on the third petition. Under these circumstances, appellant cannot now complain that he was illegally held.
The confession, although it was admitted in evidence by the court, added nothing to the case, since appellant very readily admitted his part in the damage done to the cell.
As for the failure to make a preliminary inquiry, the petition in each case states that such an inquiry was made, and the record in each case contains reports and statements relative thereto, all of which antedate the petitions filed therein. The contention is without merit.
We turn now to a consideration of the first two bases for this appeal as herein above set forth. Appellant contends that this court has a right to substitute itself for the trial court, and to reconsider the disposition made by it.
First, it must be pointed out that a juvenile court is in no sense a criminal court. It is, rather, a civil court devoted to the furtherance of the welfare of children who fall within the purview of LSA-R.S. 13:1570, which establishes its jurisdiction. In considering the welfare of the individual child, the court has the right and the duty to consider the entire background and pattern of behavior of the child. It cannot be limited to consideration of isolated incidents of misbehavior, without reference to other related acts which can be of assistance to the court in making its disposition of the case. The primary consideration of the court is the welfare of the *630 child. In order for a juvenile judge to be effective, he cannot be bound by the strict procedural and evidentiary rules as is the judge in a criminal case.
In this case, there can be no doubt that the appellant falls squarely under the terms of LSA-R.S. 13:1570. There is substantial basis for the finding of delinquency made by the trial judge in each of the three cases.
It is the opinion of this court that no abuse of discretion has been shown by the court below, and that the widest discretion should be left in the hands of the trial judge. We cannot agree with the contention that this court can assume the position, and utilize the investigative facilities available to the trial judge to augment the record on appeal. We can consider the record only in the condition in which it is found by us.
The record revealing no error or abuse of discretion by the trial court, the judgment appealed from is affirmed.
Affirmed.