294 So.2d 896 (1974)
STATE of Louisiana In the Interest of Jeffery Lynn BRASWELL.
No. 12302.
Court of Appeal of Louisiana, Second Circuit.
April 23, 1974.
Rehearing Denied May 28, 1974.
Writ Refused July 1, 1974.
*897 Holloway, Baker, Culpepper & Brunson, by Bobby L. Culpepper, Jonesboro, for defendant-appellant.
Leon H. Whitten, Dist. Atty., Jonesboro, for plaintiff-appellee.
Before AYRES, PRICE and HALL, JJ.
En Banc. Rehearing Denied May 28, 1974.
AYRES, Judge.
From an adjudication of delinquency and a finding of his need for the protection of the State of Louisiana, Jeffery Lynn Braswell, a juvenile, appeals from an order or judgment committing him to the Louisiana Department of Corrections for an indefinite period of time not to exceed his 21st birthday.
A petition was filed by Jard Y. Pipes, Jr., a juvenile probation and parole officer, under date of June 8, 1973, which charged *898 that the juvenile, aged 16, conducted himself in a delinquent manner, to-wit:
"1. On or about Sunday, June 3, 1973, Jeffery Lynn Braswell in the company of Barry Phelps, age 15, John Cunningham, age 16, and Wayne Taylor, age 15, burglarized the Jonesboro-Hodge High School in Jonesboro, Louisiana, in violation of Louisiana R.S. 14:62.
"2. On or about Sunday, June 3, 1973, Jeffery Lynn Braswell in the company of Barry Phelps, John Cunningham, and Wayne Taylor, committed simple criminal damage to the Jonesboro-Hodge High School building in the amount of $5,000 by breaking windows, mirrors, trophy cases, and mechanical equipment. Also, extensive damage was done to film supplies and books located in the library of Jonesboro-Hodge High School, in violation of Louisiana R.S. 14:56.
"(All of which appears to bring this matter within the purview of R.S. 13:1561 through R.S. 13:1599.)"
The juvenile, through counsel, on November 20, 1973, filed (1) an application for a bill of particulars, (2) an exception to the jurisdiction of the court, (3) a motion for continuance, and (4) a motion to quash.
The record, so far as we are able to ascertain, contains no order assigning this matter for a hearing. The minutes, however, reflect that the cause, having been set for November 26, 1973, was on that date taken up and tried. The juvenile with his counsel were shown to be present in open court. His parents were also present. The minutes disclose that, on the above-stated date, the motions and exceptions enumerated above were called up, tried, and overruled. A trial of the cause followed to its conclusion.
Before this court, appellant assigns as errors the action of the court in overruling each of the aforesaid exceptions, as well as in failing to require the State to prove, as against appellant, all the essential elements of burglary and simple criminal damage to property.
The basis for the plea or exception to the jurisdiction of the court is that, though the juvenile was less than 17 years of age at the time he committed the acts upon which he was adjudged a delinquent, at the time of trial he had attained the age of 17 years and, hence, was no longer a juvenile. As defined in LSA-R.S. 13:1569(3) "`Child' means a person less than seventeen years of age. The term `child' also means a person over seventeen but who committed an act of delinquency before attaining the age of seventeen years." (Emphasis supplied.) Consequently, we find no merit in this contention of the defendant.
Nor do we find any merit in the contention that at no point in the proceeding did the State of Louisiana establish the age of Jeffery Lynn Braswell such as would establish the juvenile court's jurisdiction. The State's petition recites the juvenile's age as 16. Above this recital is shown: "(10-15-56)." During the trial, October 15, 1956, was stipulated as the date of birth of the juvenile.
Notwithstanding that the age of defendant was established as aforesaid, he, through counsel, moved for a directed verdict. The motion was overruled on the basis of LSA-R.S. 13:1579, which provides that "The hearing shall be conducted in accordance with the general rules of procedure used in civil proceedings; * * *" In this regard, it may be pointed out that the Code of Civil Procedure affords no basis or authority for a directed verdict in civil proceedings.
Appellant's motion for a continuance is predicated on the contentions (1) that no grand jury indictment or bill of information has been filed against him, and (2) that he has never been arraigned in this *899 matter. For these alleged failures on the part of the State, appellant contends that proceeding to trial was unauthorized and, therefore, he is entitled to a continuance. The substance of the complaint is that the juvenile was never informed of the charges against him in that they were never read nor explained to him; neither was he ever arraigned; nor did the State make an opening statement at the beginning of the trial. Appellant further emphasizes in a supplemental brief that no summonses were issued as prescribed by LSA-R.S. 13:1575 to the child or to his parents requiring or giving them notice to appear personally before the court at a time assigned for the filing of an answer to the allegations of the petition filed against him, and further complains he was not advised by the summonses of his right to counsel.
The contentions with reference to the bill of information, indictment, arraignment, and opening statement are without merit. None of these are prescribed as a prerequisite in the determination of the delinquency of a juvenile. The general rule appears to be that the provisions of the Code of Criminal Procedure are inapplicable to proceedings in a juvenile matter.
The contention concerning the failure to issue summonses has been given thorough consideration. The answer lies in the provisions of LSA-R.S. 13:1576(A): "A party may waive service of summons by written stipulation or by voluntary appearance at the hearing." The record reflects that the juvenile and his parents, represented by counsel, appeared at the hearing without specifically objecting to the failure of the service of summonses, although counsel, however, did object generally to the lack of notice. The question is, Was there a voluntary appearance at the hearing? In connection with this matter, it may be pointed out that appellant, through counsel, appeared in court on November 20, 1973, filed each of the aforesaid pleas and exceptions, and on November 26, 1973, argued and submitted the pleas and exceptions to the court, and, moreover, on the latter date, tried the cause on its merits.
In State v. Neal, 169 La. 441, 125 So. 442 (1929), it was held that in the prosecution of a juvenile for an assault, the failure to serve a summons on the father was neither sacramental nor fatal where the father was present with the child in court when the trial date was set and who likewise appeared in court with the child on the date of the trial.
In re Tillotson, 225 La. 573, 73 So.2d 466 (1954), it was held that, where the parents of a child in response to summonses appeared before the court without objection on their part, they could not subsequently complain should it be conceded that the contents of the summonses did not literally comply with the requirements of the statute (LSA-R.S. 13:1575), or that its service was not made by an officer of the court as prescribed by LSA-R.S. 13:1576.
In a comparable matter in State in Interest of Cook, 145 So.2d 627, 629 (La.App., 4th Cir., 1962cert. denied), it was pointed out:
"LSA-R.S. 13:1575 requires that a summons issue to the persons having the custody of the child to appear for the hearing, unless they shall voluntarily appear. No minimum delay is fixed under the law. In this case, a summons did issue for the hearing on the first petition. In the hearing on the third petition, appearance was voluntary. In the hearing on the second petition, which is that principally complained of by appellant, it appears that the hearing was held without any objection being made by the appellant or his parents, who were also present. This hearing was held at the same time as the hearing on the first petition. We feel that the presence of the parents and appellant at the hearing on the second petition constitutes a voluntary *900 appearance within the spirit of the law. State v. Neal, 169 La. 441, 125 So. 442 (1929)." (Emphasis supplied.)
We find no merit in appellant's contention that he was not advised of his entitlement to the services and advice of an attorney. The record reflects that at every proceeding appellant was represented by an able, competent, and experienced attorney. The record does not reflect that appellant was asked to make, nor did he make, any statement of any nature or kind prior to his appearance with his attorney.
Nor do we find any justification for the contention that the petition does not charge appellant with either burglary or simple criminal damage to property, as required by the provisions of the Lousiana Code of Criminal Procedure. The petition adequately complies with LSA-R.S. 13:1574 in that it sets forth the facts which bring the juvenile within the provisions of the appropriate chapter of the statutes LSA-R.S. 13:1561-1599, and cites the particular sections which he is alleged to have violated. That the juvenile is in need of supervision, care, and rehabilitation is more than amply pleaded; the alleged facts are ample to establish a need on the part of appellant for such supervision, care, and rehabilitation. Hence, the motion to quash the charges is without merit.
Complaint is further made that the petition is deficient in that it does not state the date of birth nor the sex and race of the defendant. As heretofore pointed out, the date of birth was set forth and was, moreover, stipulated in the trial of this cause. The sex is sufficiently set forth in that the juvenile was referred to as "himself" and was charged with conducting "himself" in a delinquent manner. While it must be conceded that the petition does not state the juvenile's race, an allegation or statement as to race is of no significance, and such a pleading would apparently appear inconsistent with the rules and formalities now prevailing in such matters. His race was no doubt well known to the court, the probation and parole officer, and the Louisiana Department of Corrections. No mistake or prejudice is contended to have occurred with reference to appellant's race.
We find no error in the court's action in overruling defendant's application for a bill of particulars. The petition adequately advised appellant of the facts on which the charges were based. All the pertinent facts were disclosed. No prejudice resulted and none is claimed to have resulted. In this connection, it may be stated that the motion for a bill of particulars was filed several months after the petition was filed.
Lastly, defendant complains that the court erred, as a matter of law, in failing to require the State of Louisiana to prove all the essential elements of burglary and of simple criminal damage to property. Cited in support of this contention is State in Interest of Ogletree, 244 So.2d 288 (La. App., 4th Cir., 1971). We are in agreement with the holding therein made that every element must be proved beyond a reasonable doubt where a juvenile is charged with an act which would constitute a crime if committed by an adult. The charge of burglary which defendant is alleged to have committed is denounced by LSA-R.S. 14:62: "Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Article 60. * * *" Simple criminal damage to property is, as defined in LSA-R.S. 14:56, "the intentional damaging of any property of another, without the consent of the owner, except as provided in Article 55 (aggravated criminal damage to property), by any means other than fire or explosion. * * *" All of these elements of the crimes charged were established beyond reasonable doubt.
*901 The facts as shown by the record are that on June 3, 1973, the four juveniles left their homes in or near Dodson, Louisiana, and went to Jonesboro, Louisiana, arriving there about noon. They went first to a bowling alley where they remained approximately a half hour, after which they walked along the highway toward Hodge. Upon approaching the Jonesboro-Hodge High School, it was suggested by one of the boys that they go into the school. Two of them went up a fire escape and found a window already broken, through which they gained entrance to the building. The other two followed and also entered the building. The four searched the desks in the building, found two stopwatches which they took, and then began to break the windows and glass doors. A skeleton was found in a closet and it was broken. The trophy cabinets were broken into and the trophies scattered about.
It was testified that defendant participated in and took an active part in the acts of vandalism committed at the school. Defendant was shown to have broken into a room where projectors were located. These were taken by the defendant and placed on the floor where he stomped upon and smashed them. The defendant also engaged in the breaking of windows and doors by striking them with a piece of wood.
Dalton Robinson, principal of the high school, testified that, upon being notified of the occurrence, he went to the high school and found that considerable vandalism had been committed in the school building, which he described in detail. J. H. Barnes, a deputy sheriff, testified that, after receiving a report that the school building had been broken into, he went to the school to investigate. The four boys were accosted, one with an injured hand which appeared to have been cut. The boys surrendered a couple of stopwatches, previously mentioned, screwdrivers, and several other small items which they were carrying in their pockets.
We find no error in the court's conclusion that the defendant is a delinquent and is a proper person for commitment to the Louisiana Department of Corrections, and that such action is in his best interest.
However, an obvious error patent on the face of the record is disclosed in defendant's commitment for an indefinite period of time not to exceed his 21st birthday. The statute provides that upon a finding by the court such as was found on trial in the instant case, "commitment may be for an indefinite period but in no case beyond the minority of the child." LSA-R.S. 13:1580(2). (Emphasis supplied.) Persons attaining the age of 18 years are of the full age of majority. LSA-C.C. Art. 37, as amended by Act 98 of 1972. The commitment should be accordingly corrected.
For the reasons herein assigned, the judgment appealed is affirmed, but this cause is remanded to the trial court for commitment of the juvenile defendant, in accordance with law, but not for a period of time exceeding his minority.
Affirmed but remanded.