308 So.2d 749 (1975)
STATE of Louisiana ex rel. Edwin MOORE
v.
WARDEN OF LOUISIANA STATE PENITENTIARY AT DeQUINCY, Louisiana.
No. 55222.
Supreme Court of Louisiana.
January 20, 1975.
Dissenting Opinion February 20, 1975.
*750 Harold Douglas, Douglas & Favre, New Orleans, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for defendant-respondent.
DIXON, Justice.
We granted this application for post conviction relief to consider district court action in sentencing a fifteen year old boy to life imprisonment after he withdrew a plea of not guilty to first degree murder (R.S. 14:30) and pleaded guilty to second degree murder (R.S. 14:30.1).
Relator and two companions were indicted on November 29, 1973 for the November 9, 1973 murder of George Dominick. The offense was punishable by death, and was a "capital offense." On February 2, 1974 relator withdrew his former plea of not guilty and entered a plea of guilty to second degree murder, a non-capital offense, State v. Washington, 294 So.2d 793 (La.1974), and was sentenced to life imprisonment.
The question to be decided is whether the district court had jurisdiction to entertain any judicial proceedings against a fifteen year old child except that which would result in a death sentence upon conviction.
The applicable constitutional provisions in the Louisiana Constitution of 1921 are:
Art. 7, § 35: (district courts) "... shall have unlimited and exclusive original jurisdiction in all criminal cases, except such as may be vested in other courts authorized by this Constitution; ..."
Art. 7, § 52: (juvenile courts) "... shall have jurisdiction, except for capital crimes and crimes defined by any law defining attempted aggravated rape if committed by children fifteen years of age or older, of cases of the State of Louisiana in the interest of children under seventeen years of age, as may be provided by the Legislature, brought before said Courts as delinquent or neglected children ..."
R.S. 13:1570 provides for exclusive original jurisdiction in the juvenile courts in proceedings concerning children "Who violates any law or ordinance, except a child charged with having committed a capital crime or a crime defined by any law defining attempted aggravated rape after having become fifteen years of age. However, the court shall have exclusive original jurisdiction concerning any child who violates any law or ordinance except a child fifteen years of age or older charged *751 with a capital crime or assault with intent to commit aggravated rape."
This court has never been called upon to decide whether a district court was competent to receive a guilty plea to a lesser, included offense in a capital case. No recent case has been found, however, in which a district court was permitted to entertain proceedings against a juvenile not clearly allowed by the constitutional article. An examination of the cases shows a uniform effort by this court to limit the criminal jurisdiction over fifteen year olds in the district courts to trial and punishment for capital offenses and attempted aggravated rape.
State v. Bridges, 149 La. 844, 90 So. 217 (1921), involved a fifteen year old who was indicted and tried for murder, found guilty of manslaughter, and sentenced in the district court. The Supreme Court found error in an instruction; for reasons not expressed, the verdict and sentence were annulled and the defendant was remanded to the juvenile court for trial for manslaughter.
State v. Dabon, 162 La. 1075, 111 So. 461 (1927), followed. A fifteen year old girl, indicted for murder, was convicted and sentenced for manslaughter. The case was reversed and remanded to the juvenile court. In the course of the opinion the court rejected a defense argument that the district court lost jurisdiction when the district attorney announced that he would not seek a capital verdict. Two older cases were overruled: State v. Howard, 127 La. 435, 53 So. 677 (1910); State v. Hardy, 142 La. 1061, 78 So. 116 (1918). Both had affirmed murder prosecutions of juveniles who had been found guilty and sentenced for manslaughter in the district courts.
State v. Neal, 169 La. 441, 125 So. 442 (1929), affirmed a juvenile court conviction of delinquency for having committed assault. The child had been tried in the district court for assault with the intent to commit rape, as permitted by the constitution. The jury found the boy guilty of assault, only. The verdict was set aside by the district court and the same judge tried him in juvenile court. This court found no double jeopardy.
In State v. West, 173 La. 974, 139 So. 304 (1932), a murder conviction of a juvenile and a sentence to life imprisonment was affirmed, the court finding harmless error in the State's argument and judge's instruction that manslaughter was a responsive verdict.
Then came State v. Bedford, 193 La. 104, 190 So. 347 (1939). Willie Ruth Bedford, a juvenile, was found guilty of murder without capital punishment, and sentenced to life imprisonment. Her conviction was reversed because of appeals to racial prejudice by the State, and a new trial was ordered. The procedure the court had suggested in State v. West, supra, (that the jury should be instructed, if they found the defendant was not guilty of murder, and was a juvenile, to return no verdict as to guilt or innocence of manslaughter, with the result that the child would be dealt with in juvenile court) was reconsidered, and West was to that extent overruled.
The Bedford court held that the age of the defendant was a jurisdictional matter, to be determined by the judge alone, and only if a verdict of manslaughter was returned; the trial judge was to make no distinction in his general charge between a juvenile and an adult; all responsive verdicts were to be given; the effect of a verdict of guilty of manslaughter would be "... to hold the accused as a delinquent juvenile, subject to trial and punishment in the juvenile court." 190 So. 347, 351.
This was a simpler and more efficient procedure, to be sure; the question of double jeopardy[1] is avoided because a *752 person is not in jeopardy in a trial in which the court lacks jurisdiction. C.Cr.P. 595.
The uniform jurisprudence of the State since 1921 holds that the jurisdiction of the district courts is limited to the determination of guilt and punishment for capital crimes (and the constitutionally provided for attempted aggravated rape). Although it can be argued that the constitutional deposit of jurisdiction in the district courts of the trial of juveniles in capital cases is the grant of jurisdiction embracing every part of the case, from arraignment to sentence, we decline to make such a departure from established jurisprudence, particularly in view of the policy of the State that juveniles are not to be punished as adults, except as provided by the constitution.[2]
Consequently, we find that the district court did not have jurisdiction to accept a plea of guilty and impose a sentence on a fifteen year old for second degree murder, a non-capital offense.
The plea and sentence are set aside and annulled, and relator is remanded to the district court for further proceedings in accordance with law.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
In my view the District Court retained jurisdiction under the charge of murder to entertain the plea of guilty to the lesser, included offense of manslaughter.
I respectfully dissent.
NOTES
[1] C.Cr.P. 596; In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); Hultin v. Beto, 396 F.2d 216 (5th Cir. 1968); Fain v. Duff, 488 F.2d 218 (5th Cir. 1973); Brown v. Cox, 481 F.2d 622 (4th Cir. 1973); State v. Didier, 262 La. 364, 263 So.2d 322 (1972). This opinion does not contemplate that a juvenile, tried in the district court and found not guilty, will again be tried in juvenile court for delinquency arising from the same transaction.
[2] This policy seems to be perpetuated in the Louisiana Constitution of 1974, Art. 5, § 19: "Except for a person fifteen years of age or older who is alleged to have committed a capital offense or attempted aggravated rape, the determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be exclusively pursuant to special juvenile procedures which shall be provided by law."