BROWN, Chief Judge,
dissenting.
_JjThe suspension agreements were executed to preserve the status quo and were for the mutual benefit of HERC and LDR while they tried to amicably resolve the audit and assessment. See Chicago Bridge and Iron Co. v. Cocreham, 308 So.2d 750 (La.App. 1st Cir.1975). Otherwise, LDR would have issued a final assessment of taxes and/or filed suit, which would have interrupted prescription. The position of HERC is disingenuous and unjust.
Clearly, HERC’s Tax Audit Director, Armando Cordova, had actual and apparent authority to sign the agreements suspending prescription for one year. This was sufficient to bind HERC.
Further, it is undisputed that Cordova acted for HERC in its dealing with LDR and signed these agreements with HERC’s full knowledge. He acted in accordance with HERC’s policy. LDR relied on this apparent authority and deferred filing its action. The rule of detrimental reliance is applicable.