DENNIS, Justice.*
The issue in this case is whether a sixteen year old juvenile indicted by a grand jury for first degree murder, may be charged subsequently by bill of information with second degree murder, tried and convicted by a jury in district court for the latter offense, and sentenced to life imprisonment at hard labor without parole for forty years.
Arthur Davis was jointly indicted with a co-defendant for first degree murder, La. R.S. 14:30, allegedly committed on June 16, 1976. Arthur Davis was sixteen years old on the date of the offense. Before trial the prosecuting attorney amended the indictment to charge the jointly indicted defendants with second degree murder and had the indictment severed. Subsequently, however, the prosecuting attorney filed a new bill of information alleging that Arthur Davis had committed second degree murder on June 16, 1976. After a jury trial, Davis was convicted of second degree murder and sentenced to life imprisonment *1093 at hard labor, without benefit of parole for forty years.
After his conviction was affirmed on appeal, State v. Davis, 359 So.2d 986 (La.1978), Davis unsuccessfully applied for habeas corpus relief in the district court. Separate writs of certiorari were applied for in this Court to review the action of the trial judge by Davis in propria persona and by his attorney. Both writs were granted, and the cases have been consolidated for purposes of this review.
The offense charged in the present case was committed on June 16, 1976, after the effective date of the 1974 Louisiana Constitution. Jurisdiction or special procedures for the trial of this juvenile are therefore authorized by the 1974 Louisiana Constitution, which, in pertinent part, provides:
“Section 19. Except for a person fifteen years of age or older who is alleged to have committed a capital offense or attempted aggravated rape, the determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be exclusively pursuant to special juvenile procedures which shall be provided by law. However, by law enacted by two-thirds of the elected members of each house, the legislature may (1) lower the maximum ages of persons to whom juvenile procedures would apply and (2) establish a procedure by which the court of original jurisdiction may waive such special juvenile procedures in order that adult procedures would apply in individual cases.”
Pursuant to the authority of Article V, § 19 of the 1974 Louisiana Constitution, the legislature enacted Act 337 of 1975 [La.R.S. 13:1570], establishing juvenile court jurisdiction and special juvenile procedures. The statute, in pertinent part, provides:
“Except as otherwise provided herein, the [juvenile] court shall have exclusive original jurisdiction in proceedings:
“A. Concerning any child whose domicile is within the parish or who is found within the parish:
U * * *
“(5) Who violates any law or ordinance, except a child who, after having become fifteen years of age, is charged with having committed a capital crime, or a crime defined by any law defining attempted aggravated rape; provided that once such a child has been actually charged with a capital crime, armed robbery, or attempted aggravated rape, the district court shall retain jurisdiction over his case, even though the child pleads guilty to, or is convicted of, a lesser included offense; and a plea to, or conviction of, a lesser included offense shall not revest the juvenile court with jurisdiction of such a child.”
The state contends that, under La.R.S. 13:1570A(5), once a grand jury has found that there is sufficient incriminating evidence to charge a juvenile over fifteen years of age with first degree murder, the district court retains jurisdiction over the juvenile’s case even after a new bill of information has been filed alleging that the juvenile has committed a crime other than a capital offense or attempted aggravated rape.
This Court specifically rejected a similar contention in State ex rel. Moore v. Warden, 308 So.2d 749 (La.1975), in which it observed:
“The uniform jurisprudence of the State since 1921 holds that the jurisdiction of the district courts is limited to the determination of guilt and punishment for capital crimes (and the constitutionally provided for attempted aggravated rape). Although it can be argued that the constitutional deposit of jurisdiction in the district courts of the trial of juveniles in capital cases is the grant of jurisdiction embracing every part of the case, from arraignment to sentence, we decline to make such a departure from established jurisprudence, particularly in view of the policy of the State that juveniles are not to be punished as adults, except as provided by the constitution.[2]
*1094 As we also observed in Moore, there was no intention by the adoption of the 1974 Louisiana Constitution to modify the rule respecting juveniles, that “the jurisdiction of the district court is limited to the determination of guilt and punishment for capital crimes (and the constitutionally provided for attempted aggravated rape).” Id. at 752.
In the final analysis, the state’s argument seems to be that La.R.S. 13:1570 authorizes the state to charge and prosecute a person as an adult for any offense committed before his seventeenth birthday, provided that the offense charged is included within a capital offense, or attempted aggravated rape, for which he has been validly indicted. If this were the legislative intent that portion of the statute would have been void because of a conflict with the clear wording of the constitution. Adult procedures are applicable without a waiver proceeding in the individual case of a person charged with an offense committed before his seventeenth birthday only where a person fifteen years of age or older “is alleged to have committed a capital offense or attempted aggravated rape.” Art. V, § 19, La.Const. 1974. The uniform jurisprudence and the clear intent of the constitutional language is that adult procedures may be employed without waiver proceedings only in a valid capital or attempted aggravated rape prosecution. Moreover, the requirement that the legislature establish the individual waiver procedures by a two-thirds vote of both legislative houses, reflects a concern that the juvenile whom the state proposes to try by adult rules should be afforded full due process protection. See, State v. Everfield, 342 So.2d 648 (La.1977). Given the language and the obvious concerns of the constitutional section, it is evident that the state’s proposed statutory construction is at odds with the constitution. It would allow the prosecutor in effect to substitute an ex parte, secret probable cause determination by a grand jury for the judicial waiver procedures established by two-thirds of the elected members of each house of the legislature.
Furthermore, careful reading of the statute reveals that the state’s interpretation is incorrect. The statute provides that the juvenile court shall have “exclusive original jurisdiction” in proceedings concerning a child who violates any law “except a child who, after having become fifteen years of age, is charged with having committed a capital crime, or . attempted aggravated rape.” (emphasis added) La.R.S. 13:1570A(5). The wording is consistent with the constitution. The juvenile must be charged with a capital offense or attempted aggravated rape in the proceeding under question before it may be conducted according to adult procedures.
The juvenile’s conviction and sentence are vacated and the case is remanded to the Orleans Parish Juvenile Court for further proceedings consistent with this opinion.
VACATED AND REMANDED TO JUVENILE COURT.

 Judge Pike Hall, Jr., Louisiana Court of Appeal, Second Circuit, participated in this decision as an Associate Justice Ad Hoc.

“2 This policy seems to be perpetuated in the Louisiana Constitution of 1974, Art. 5, § 19; *1094 ‘Except for a person fifteen years of age or older who is alleged to have committed a capital offense or attempted aggravated rape, the determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be exclusively pursuant to special juvenile procedures which shall be provided by law.’ ” 308 So.2d at 752.