J^FOIL, J.
A sixteen-year-old child, identified herein as A.N., was arrested and charged with the alleged commission, from about June 1, 2003 through August 4, 2003, of aggravated rape in violation of La. R.S. 14:42 A(4). A continued custody hearing was held on August 12, 2003 and the juvenile court judge found probable cause to believe that the juvenile had committed the offense of aggravated rape. A petition charging the youth with aggravated rape was then filed on August 14, 2003, pursuant to the Children’s Code. The juvenile was arraigned in juvenile court and pled not guilty.
On September 17, 2003, the juvenile was found guilty of the responsive offense of sexual battery in violation of La. R.S. 14:43.1. On September 30, 2003, after a dispositional hearing, the juvenile was adjudicated a delinquent and was committed to the custody of the State of Louisiana for three years, with credit for time served. In addition, the court recommended that the juvenile receive psychiatric and psychological counseling and that he be placed in a sexual offender’s program.
A suspensive appeal was taken on October 14, 2003. Appeal counsel discovered that the record was not complete and secured an order from this court, dated January 16, 2004, for supplementation of the record. On March 26, 2004, appeal counsel represented that, after reviewing the record, no reversible error that would inure to the benefit of the juvenile was identified, and he requested that this court withdraw and dismiss the appeal. We responded by denying the motion, advising defense counsel that he was required to follow the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).
*515 | 3As of the date of submission of this matter for our review, defense counsel had not complied with our directives. However, having noted reversible patent error, we deem it appropriate to proceed with disposition of this matter.
PATENT ERROR
La. Ch.Code art. 305 provides in pertinent part:
A. (1) When a child is fifteen years of age or older at the time of the commission of first degree murder, second degree murder, aggravated rape, or aggravated kidnapping, he is subject to the exclusive jurisdiction of the juvenile court until either:
(a) An indictment charging one of these offenses is returned.
(b) The juvenile court holds a continued custody hearing pursuant to Articles 819 and 820 and finds probable cause that he committed one of these offenses, whichever occurs first.
(2) Thereafter, the child is subject to the exclusive jurisdiction of the appropriate court exercising criminal jurisdiction for all subsequent procedures, including the review of bail applications, and the child shall be transferred forthwith to the appropriate adult facility for detention prior to his trial as an adult.
In this case, the juvenile court lost jurisdiction of this matter when the juvenile court judge found probable cause to believe that A.N. committed aggravated rape. At that point, the juvenile court had no jurisdiction to adjudicate A.N. a delinquent or to impose a judgment of disposition. Accordingly, the adjudication and disposition are a nullity. In accordance with the mandate of La. Ch.Code art. 305 A(2), this matter is remanded to the juvenile court so that the juvenile court can transfer the juvenile to the appropriate adult facility for detention prior to his trial as an adult or such other disposition of this matter as the District Attorney for the Parish of Terrebonne may deem appropriate.
DECREE
Juvenile Court Adjudication and Disposition vacated; case remanded to the juvenile court for transfer of juvenile to the appropriate adult detention facility pending trial or other disposition of the case.