# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-530

**STATE OF LOUISIANA**

**VERSUS**

**STEPHEN LLOYD MOCK**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 17-145
HONORABLE WARREN DANIEL WILLETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret, Judges.

**CONVICTION AND SENTENCE VACATED; CASE REMANDED.**

**Hon. James P. Lemoine**
**District Attorney, 35th JDC**
**Renee W. Nugent**
**Assistant District Attorney, 35th JDC**
**P. O. Box 309**
**Colfax, LA 71417-0309**
**(318) 627-3205**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT-APPELLANT:**
**Stephen Lloyd Mock**

**PERRET, Judge.**

Defendant, Stephen Lloyd Mock, appeals his conviction of one count of sexual battery, a violation of La.R.S. 14:43.1. Because we find that the district court lacked jurisdiction over Defendant, we hereby vacate Defendant's conviction and sentence for sexual battery and remand this matter to the trial court for further proceedings.

**FACTS AND PROCEDURAL HISTORY:**

On February 15, 2017, Defendant was charged by bill of information with two counts of sexual battery, violations of La.R.S. 14:43.1. On March 31, 2017, an amended bill of information was filed, charging Defendant with fifteen counts of sexual battery, violations of La.R.S. 14:43.1. After waiving his right to a trial by jury, Defendant was tried by a judge on January 25, 2018, and found guilty of one count of sexual battery of H.L., a victim that had not obtained the age of fifteen and was at least three years younger than Defendant. Defendant was also found to be sixteen or younger when he committed the offense.

Since the trial court specifically found Defendant committed the sexual battery when he was sixteen, the trial court found Defendant must be sentenced in accordance with the Children's Code to the Department of Public Safety until his twenty-first birthday. Based on a motion to reconsider sentence filed by the State, the trial court reconsidered the sentence and found Defendant could be sentenced to the amount of time he would have served as a juvenile up to his twenty-first birthday (up to five years). Subsequently, on March 29, 2018, the trial court sentenced Defendant to four years at hard labor. The trial court also ordered Defendant to pay court costs and a fee of $1250.00 to the Public Defender's Office. The trial court notified Defendant of his obligation to register as a sex offender upon his release from incarceration. Finally, the trial court ordered

Defendant to have no contact with the victim or the victim's parents until the victim turned eighteen.

On April 18, 2018, Defendant filed a motion for appeal, which was granted by the trial court that same date. Defendant now appeals alleging one assignment of error as to the sufficiency of the evidence.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is an error patent requiring Defendant's conviction be vacated and declared a nullity for lack of jurisdiction.

Defendant was originally charged with two counts of sexual battery committed in September 2014. Since Defendant's date of birth is December 18, 1996, Defendant would have been seventeen at the time of the charged offenses and, thus, subject to jurisdiction in district court. *See* La.Ch.Code art. 804(1)(a) and La.Ch.Code art. 303(A)(1). However, the State filed an amended bill of information charging Defendant with committing fifteen counts of sexual battery between October 2012 and September 2014. Considering Defendant's date of birth, Defendant would have been under seventeen during a portion of the date range charged in the bill. In fact, the trial court found Defendant guilty of one count of sexual battery and found Defendant was sixteen or younger when he committed the offense. As pointed out by Defendant's trial counsel, sexual battery is not an offense for which jurisdiction over a juvenile offense may be transferred to district court. La.Ch.Code arts. 305 and 857. Defense counsel argued at sentencing that because the trial court found Defendant was a juvenile when he committed the offense, the trial court lost jurisdiction to impose sentence. The trial

2

court, however, found that jurisdiction was proper in the district court under the following provision:

> (2) An adult who is charged with an offense committed at the time he was a child for which the time limitation for the institution of prosecution pursuant to Code of Criminal Procedure Article 571 has not lapsed and for which he was not subject to prosecution as an adult due to his age at the time the offense was committed shall be prosecuted as an adult in the appropriate court exercising criminal jurisdiction. If convicted, he shall be committed to the custody of the Department of Public Safety and Corrections to be confined in secure placement for a period of time as determined by the court not to exceed the maximum amount of confinement he could have been ordered to serve had he been adjudicated for the offense as a child at the time the offense was committed.

La.Ch.Code art. 857(C)(2).[1]

The trial court explained its reasoning as follows:

> Counsel, I believe that 857(C)(2) squarely addresses the issue that we find ourselves in today. We have Mr. Mock who was billed when he was an adult for an offense, now admittedly, the Bill of Information dealt with a range of time, the Court found that based upon the evidence that that range was confined to a particular time. At which time Mr. Mock was sixteen (16) years old so he clearly falls within 857(C)(2). The time - - this is not a hammer case, this is not a criminal - - this is not a misdemeanor case, this is a felony charge. The time limitation for prosecution have [sic] not run, therefore, the Court feels that Mr. Mock was properly tried as an adult for an offense that he - - that was committed at the time he was a minor.

The trial court then sentenced Defendant to the Department of Public Safety until his twenty-first birthday. Defense counsel noted that Defendant had already turned twenty-one. The trial court later resentenced Defendant pursuant to a motion to reconsider sentence filed by the State, finding Defendant could be sentenced to the number of years that lapsed between the commission of the offense and Defendant's twenty-first birthday.

We find that the trial court's reliance on La.Ch.Code art. 857(C)(2) was misplaced since Defendant was not an *adult* when he was charged in the present

---

[1] A nearly identical provision exists in the Louisiana Code of Criminal Procedure. La.Code Crim.P. art. 876(B).

case. Defendant was charged by the amended bill on March 31, 2017, only three and one-half months after his twentieth birthday, which was on December 18, 2016. Louisiana Children's Code Article 804(1)(a) (emphasis added) defines "Child" as "any person *under the age of twenty-one*, including an emancipated minor, who commits a delinquent act before attaining seventeen years of age." In *State v. Havis*, 03-2490, p. 4 (La. 4/30/04), 874 So.2d 153, 155, the supreme court stated the following:

> Because relator was over the age of 21 years when arrested, he was no longer a child for purposes of delinquency proceedings conducted in a court exercising original juvenile jurisdiction. *See* La.Ch.C. art. 804(1)("'Child' means any person under the age of twenty-one, including an emancipated minor, who commits a delinquent act before attaining seventeen years of age.").

*See also State v. Odoms*, 11-2092 (La.App. 1 Cir. 6/8/12), 94 So.3d 166, *writ denied*, 12-1612 (La. 2/22/13), 108 So.3d 762.

Unlike the defendant in *Havis*, the present Defendant was under the age of twenty-one when he was charged and, thus, still a child (not an adult) for purposes of juvenile court jurisdiction. Accordingly, we find that La.Ch.Code art. 857(C)(2) was not applicable to Defendant.[2] Additionally, since sexual battery is not an offense for which a juvenile may be tried as an adult, we find that the district court did not have jurisdiction by any other means to try Defendant.

Moreover, although some of the charges were committed when Defendant was over seventeen, we do not find that this cured the jurisdictional defect. As the Louisiana Supreme Court stated in *State v. Harrison*, 16-178, pp. 2-3 (La. 5/12/17), 219 So.3d 316, 318:

> For juveniles who are 13 years old, no provision of the Children's Code authorizes transfer from the juvenile court to the district court.

---

[2]We note, however, that since Defendant is now over the age of twenty-one, any future charges filed by the State regarding a sexual battery committed when he was under seventeen will now be properly filed in the district court. La.Ch.Code art. 857(C)(2).

4

Because the state failed to establish definitively before the grand jury that two of the offenses were committed when defendant was at least 15 years old, the automatic transfer provision of Article 305(A) could not confer jurisdiction on the district court over those offenses. Because the timeframe alleged by the state left it possible that defendant committed two offenses when he was either 13 or 14 years old, jurisdiction was either not transferrable to the district court or not correctly transferred to the district court by the grand jury indictment, notwithstanding the state's mid-trial efforts to cure the lack of jurisdiction by orally amending the subsequently filed bill of information.

. . . .

Because jurisdiction was not correctly transferred from the juvenile court to the district court for two counts, the convictions and sentences for those two offenses are nullities. Therefore, we grant defendant's application in part to vacate his conviction and sentences for counts one and two.

Furthermore, even though the district court had jurisdiction over all counts when the State filed its original bill of information, the district court did not retain jurisdiction over all counts when the State filed the amended bill. This court addressed this similar fact situation in *State v. Newton*, 12-510 (La.App. 3 Cir. 2/13/13), 129 So.3d 11, *writ denied*, 13-595 (La. 10/11/13), 123 So.3d 1214 and found that the district court did not retain jurisdiction over all counts when the State filed the amended bill. Specifically, this court stated:

> While Defendant was originally indicted for manslaughter, which is an enumerated offense in Article 305, the indictment was **amended** prior to trial, and Defendant was placed in jeopardy and ultimately convicted only for inciting a riot, which is not listed in Article 305 or as a transfer basis in Article 857. A conviction on this charge does not qualify as grounds for retention of jurisdiction under Article 305(D), as Defendant was neither convicted of an offense which could have properly served as the basis for criminal court jurisdiction nor a lesser included verdict or guilty plea. There is nothing in Article 305(D) to suggest that the offense originally charged which subjected the juvenile to the jurisdiction of the criminal court is retained once the charge has been amended by the State to an offense not otherwise serving as the basis for criminal court jurisdiction. In [*State ex rel*] *Davis* 368 So.2d 1092, [(La.1979)] the court noted that, to permit the state to circumvent the requirement that such matters normally be handled in juvenile court by simply charging a defendant with any crime it chooses, then lowering the charge at a later date to one which

5

would not otherwise have provided a basis for jurisdiction in district court, is in direct conflict with the Louisiana Constitution, requiring disposition of juvenile offenders in juvenile court. *Id.* at 1094. Thus, we find the district court lacked jurisdiction to try Defendant as adult when the State amended the bill of indictment to charge him with inciting a riot.

*Newton*, 129 So.3d at 19-20 (emphasis in original).

Although the jurisdictional issue was discussed in the trial court at sentencing, no motion to quash was filed. However, in *Newton*, 129 So.3d at 15-16, this court found the lack of a motion to quash did not waive a jurisdictional issue:

Defendant did not file a motion to quash the amended bill, and he did not object at the time the bill was amended. The State now argues, as a result of this failure to file the motion to quash or object at the time of the amendment, the jurisdictional issue is waived.

Louisiana Children's Code Article 887 provides in pertinent part:

A. On motion of the child prior to disposition, a delinquency adjudication shall be vacated and the child discharged if, after contradictory hearing, the court finds that:

. . . .

(3) The court making the adjudication lacked jurisdiction.

In *Nerness v. Christian Fidelity Life Insurance Co.,* 98–1827, p. 6 (La.App. 3 Cir. 4/21/99), 733 So.2d 146, 151, this court explained:

Lack of subject matter jurisdiction, unlike other jurisdictional defects, may not be waived or conferred by the consent of the parties. La.Code Civ.P. art. 3; *Tran v. Schwegmann's Giant Super Market,* 609 So.2d 887 (La.App. 4 Cir.1992). Thus, a party may raise an exception of subject matter jurisdiction at any time during the proceedings. *Id.* Similarly, lack of subject matter jurisdiction may be raised on appeal by the court's own motion. *Id.*

In *State ex rel. K.S.,* 07-1045, p. 6 (La.App. 1 Cir. 11/2/07), 977 So.2d 35, 38-39, the court explained:

6

> While there has been no exception raised challenging the juvenile court's subject matter jurisdiction, we are required to consider the issue. It is the duty of a reviewing court to examine subject matter jurisdiction *sua sponte*. *Whittenberg v. Whittenberg,* 97-1424, pp. 2-3 (La.App. 1 Cir. 4/8/98), 710 So.2d 1157, 1158. "Whenever there is a serious issue regarding subject matter jurisdiction, a court (including an appellate court) should consider and rule on the issue at anytime, and the issue can even be raised by the court on its own motion." *Lowenburg v. Entergy New Orleans, Inc.,* 99-2894, p. 1 (La.12/17/99), 751 So.2d 868, 868 (Lemmon, J., concurring opinion).

Based upon the above, we find the jurisdictional issue is properly before this court and was not waived by the failure to file a motion to quash. We also find that jurisdictional issues are considered in an errors patent review. *State ex rel. A.N.,* 03-2776 (La.App. 1 Cir. 6/25/04), 886 So.2d 514.

Finally, in *Newton*, this court stated the following regarding the application of double jeopardy to a conviction declared null because of lack of jurisdiction:

> Additionally, La.Code Crim.P. art. 595 provides, in pertinent part:
>
> > A person shall not be considered as having been in jeopardy in a trial in which:
> >
> > (1) The court was illegally constituted or lacked jurisdiction[.]
>
> Therefore, we find Defendant's conviction and sentence must be vacated and the case is remanded to the trial court for further proceedings consistent with this opinion.

*Newton*, 129 So.3d at 20. Likewise, we find that double jeopardy did not attach to the trial of Defendant's conviction of sexual battery committed when he was sixteen or younger.

Because Defendant's conviction and sentence are vacated, we find Defendant's remaining assignment of error moot.

**DECREE:**

For the foregoing reasons, we hereby vacate Defendant's conviction and sentence for sexual battery upon finding that the district court lacked jurisdiction over the Defendant and we remand this matter to the trial court for further proceedings consistent with this opinion.

**CONVICTION AND SENTENCE VACATED; CASE REMANDED.**