STATE OF LOUISIANA         *         NO. 2023-KA-0585

VERSUS         *

        COURT OF APPEAL

KENDELL MYLES         *

        FOURTH CIRCUIT

        *

        STATE OF LOUISIANA

* * * * * * *

CONSOLIDATED WITH:         CONSOLIDATED WITH:

STATE OF LOUISIANA         NO. 2023-KA-0586

VERSUS

KAYLA SMITH

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 555-446, SECTION "I"
Honorable Raymond C. Bigelow, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge
Rachael D. Johnson)

Jason Rogers Williams
DISTRICT ATTORNEY
Brad Scott
Chief of Appeals
District Attorney's Office
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

       COUNSEL FOR APPELLANT

Mary Constance Hanes
LOUISIANA APPELLATE PROJECT
P. O. Box 4015
New Orleans, LA 70118

       COUNSEL FOR DEFENDANT/APPELLEE

       **REVERSED IN PART, REMANDED IN PART**
            **February 5, 2024**

*Procedural History.*[1]

In July, 2022, seventeen-year-old defendant, Kendell Myles ("Myles"), and fifteen-year-old defendant, Kayla Smith ("Smith"), were arrested and booked into the Juvenile Justice Intervention Center. On July 19, 2022, probable cause was found at a continued custody hearing in Orleans Parish juvenile court. Myles was arrested when he was 17 years old and was 17 years old when the alleged crimes were committed. Initially, Myles was charged by petition in juvenile court. While the petition was pending, the State filed the bill of indictment in Orleans Parish Criminal District Court on September 14, 2022[2]. In this case, Myles was indicted for the following crimes[3]:

- La. R.S. 14:26 and 14:64: Conspiracy to commit armed robbery with a firearm.
- La. R.S. 14:64.3(A): Armed robbery with the use of a firearm;
- La. R.S. 14:27 and 14:30.1: Attempted second degree murder;
- La. R.S. 14:94(F): Discharging a firearm during a crime of violence; and

---

[1] The facts regarding the underlying crimes charged are not part of the record and are not discussed in this opinion. This appeal is strictly limited to the procedural issues discussed.
[2] Orleans Parish Criminal District is the "trial court" in this appeal as none of the actions in Orleans Parish Juvenile Court are the subject of this appeal.
[3] Myles and Smith's petitions were both dismissed via *nolle prosequi* after the indictment was handed down.

1

·       La. R.S. 14:108.1(C):  Aggravated flight from an officer.

Myles was charged as an adult pursuant to La. Ch.C. art. 305(B), which provides in

pertinent part that:

> (3)(a) The district attorney shall have the discretion to file a
> petition alleging any of the offenses listed in Subparagraph (2)
> of this Paragraph in the juvenile court or, alternatively, to
> obtain an indictment or file a bill of information. If the child is
> being held in detention, the district attorney shall file the
> indictment, bill of information, or petition in the appropriate
> court within sixty calendar days after the child's arrest, unless
> the child waives this right.

Armed robbery is among the crimes listed in Subparagraph (2) of the statute.[4]

On July 19, 2022, the State also filed a petition in juvenile court charging

Smith with aggravated second degree battery, armed robbery, unauthorized use of

a motor vehicle, and resisting an officer. She entered a plea of not guilty in that

court.  While that case was pending, Smith was charged in the same indictment

with Myles for:

·       La. R.S. 14:26 and 14:64: Conspiracy to commit armed robbery
        with a firearm.
·       La. R.S. 14:64.3(A): Armed robbery with the use of a firearm;

In response to the filing in criminal district court, both Myles and Smith

(collectively referred to as "Defendants") moved to quash the indictment on two

bases: (1) the indictment was not filed timely because more than sixty calendar

---

[4] The charge of armed robbery with a firearm is an offense included in the armed robbery statute.
The general statute defining armed robbery is La. R. S. 14:64. The crime of armed robbery with
a firearm is defined in La. R. S. 14:64.3.  As held in *State v. Durant,* 00-1246, p. 2 n. 1 (La. App.
5 Cir. 12/27/00), 776 So.2d 1265, 1267 n. 1, the only purpose of the specific definition in the
subpart is to provide for an enhanced penalty of five additional years at hard labor when the
dangerous weapon used in the armed robbery is a firearm.

days elapsed before it was handed down; and (2) none of the crimes alleged in the indictment are among those enumerated in La. Ch.C. art. 305(B)(2).

On February 2, 2023, the criminal district court quashed the indictment for all charges based on the defendants' arguments. From that judgment, the State takes this appeal.

Myles filed an unopposed motion in this Court to consolidate the appeals. The motion was granted on October 27, 2023.

***Standard of Review.***

As this Court wrote in *State v. Matute,* 23-0054, p. 1 (La. App. 4 Cir. 5/10/23), 368 So.3d 165, 167:

> A district court's ruling on a motion to quash is discretionary, and an appellate court may only reverse such a ruling if it finds that the district court abused that discretion. *State v. M.C.*, 2010-1107, p. 2 (La. App. 4 Cir. 2/18/11), 60 So. 3d 1264, 1265 (citing *State v. Love*, 2000-3347, pp. 9-10 (La. 5/23/03), 847 So. 2d 1198, 1206; *State v. Kitchens*, 2009–0834, 2009-0835, p. 4 (La. App. 4 Cir. 3/24/10), 35 So. 3d 404, 406–07). Under this standard, an appellate court must defer to the district judge's ruling unless the moving party can show that the judge's ruling was based upon a mistaken application of the law. *State v. Lee*, 2011-0398, p. 6 (La. App. 4 Cir. 1/30/12), 83 So. 3d 1191, 1196 (internal citation omitted). If the ruling is based upon a legal mistake, it will not be entitled to deference. *Id*.

***Discussion.***

The issue presently before the Court is whether the trial court erred in granting the defendants' motions to quash based on the interpretation of the 30-day time period set out in La. Ch.C. Art 305(B). The State argues that the proper remedy for failing to file an indictment timely under Article 305(B) is not quashal, but instead a release from detention. *State v. Hamilton*, 96-0107 (La. 7/2/96), 676 So.2d 1081, 1084; *Matute*, 23-0054, p. 7, 368 So.3d 165 at 170.

3

With respect to the 60-day limitation, there are two cases directly on point, both holding that the delay in obtaining the indictment does not deprive criminal district court of jurisdiction.[5] Both cases hold that the late filing of the indictment requires the court to release the defendant without bond. In both *Hamilton* and *Matute,* the Courts reversed the lower courts' rulings. In doing so, the Court in *Matute* relied on the reasoning in *Hamilton* as follows:

> The Louisiana Supreme Court analyzed whether the thirty-day period contained in subsection (B)(3) is a jurisdictional limitation. [*Hamilton,* 96-0107, p. 2], 676 So. 2d at 1082. ("The sole issue in this case is whether the district attorney's failure to timely file a bill of information under La. Ch.C. art. 305(B)(3) precluded the vesting of jurisdiction in criminal court."). In doing so, the Louisiana Supreme Court reasoned that "the thirty-day limit ... was never intended to be a limit on jurisdiction" but rather was meant to limit a defendant's time in detention. *Id* at pp. 4-5, 676 So.2d at 1083. It further noted that the legislature intended for criminal court jurisdiction to "hinge on the age of the offender and the type of offense committed, not on time limits." *Id*. at p. 6, 676 So. 2d at 1084. Ultimately, it held that that the remedy for failing to comply with the time limitation is release without bail, not quashal. *Id*. at p. 7, 676 So. 2d at 1084.

*Matute,* 23-0054, pp. 3-4, 368 So.3d at 168.

As the Court noted in *Matute,* 23-0054, p. 4, 368 So.3d at 168, the Louisiana Supreme Court's opinion in *Hamilton* "has not been overturned and remains controlling precedent." As reflected above, this Court, in *Matute,* relied on *Hamilton* in finding the district court erred in granting the defendant's motion to quash. The *Matute* Court observed that the Louisiana Supreme Court, in *State v. Roberson,* 14-1996, p. 4 (La. 10/14/15), 179 So.3d 573, 576 (Weimer, J. concurring), "reemphasized … that a juvenile is subject to the exclusive jurisdiction of the criminal district court once an indictment has been filed." *Matute,* 23-0054, p. 4, 368 So.3d at 168.

---

[5] *State v. Hamilton,* 96-0107, p. 6 (La. 7/2/96), 676 So.2d 1081, 1084; and *State v. Matute,* 23-0054, p. 1 (La. App. 4 Cir. 5/10/23), 368 So.3d 165, 167.

4

In support of its argument that the trial court erred in quashing both the defendants' indictments, the State relies on *Matute* in which the Court declared: "La. Ch.C. art. 305(B) … vests exclusive jurisdiction with the criminal district court once an indictment or bill of information is filed there. The sanction for a district attorney's failure to comply with the thirty-day time limitation is to release the juvenile defendant from detention, not to quash the indictment." *Matute,* 23-0054, p. 4, 368 So.3d at 170.  The State also relies on the *Matute* Court's observation that the Louisiana Supreme Court, in *Hamilton,* 676 So.2d 1081, 1084, "held that the thirty-day period under [La. Ch.C. art. 305(B)(3)] is not a limitation on a criminal court's jurisdiction." *Matute,* 23-0054, p. 2, 368 So.3d at 167.

In *State ex rel. Davis v. Criminal Dist. Court,* 368 So.2d 1092 (La. 1979), the Louisiana Supreme Court "refused to allow the State to amend the charge to a non-enumerated offense without divesting the criminal district court of jurisdiction." *State v. Newton,* 12-510 (La. App. 3 Cir. 2/13/13), 129 So.3d 11 at 13. The Third Circuit relied on *Davis* in the later case of *Newton,* 129 So.3d 11, in which the court reached the same result. Further, in *State ex rel. Moore v. Warden of Louisiana State Penitentiary at DeQuincy,* 308 So.2d 749 (La. 1975), the Supreme Court found that the criminal district court lacked jurisdiction to accept a guilty plea by a juvenile to a non-enumerated offense.

Defendants argue that the Juvenile court was not divested of jurisdiction resulting from the filing of an indictment charging them with armed robbery with a firearm in criminal district court because armed robbery with a firearm is not one

5

of the enumerated offenses under La. Ch.C. art. 305(B)(2).[6] Instead, Article 305(B)(2) lists "Armed robbery," without specifying that armed robbery encompasses armed robbery with a firearm.

To convict a person of armed robbery, the State is required to show that the defendant was armed with a dangerous weapon. *State v. Love,* 50,238, p. 4 (La. App. 2 Cir. 1/13/16), 185 So.3d 136, 140; La. R.S. 14:64(A). The charge of armed robbery with a firearm (La. R.S. 14:64.3) is not distinct from armed robbery (La. R.S. 14:64); it simply subjects the defendant to a five-year sentence enhancement based on the use of a firearm during the omission of the offense. *See State v. Durant,* 00-1246, p. 2 n. 1 (La. App. 5 Cir. 12/27/00), 776 So.2d 1265, 1267 n. 1 ("La. R.S. 14:64.3 does not create a new crime, but simply enhances the penalties for a violation of La. R.S. 14:64, the armed robbery statute….").

The State relies on *Hamilton* as its main argument for proper interpretation of the statute. As noted above, armed robbery using a firearm has been held to be an offense included in armed robbery and is among the crimes that permit the discretionary charge as an adult. The remaining crimes charged are not enumerated.

---

[6] La. Ch.C. art. 305(B)(2) sets forth the following enumerated offenses which, upon the filing of an indictment or bill of information charging these offenses, divests the juvenile court of jurisdiction:

    (a) Attempted first degree murder.
    (b) Attempted second degree murder.
    (c) Manslaughter.
    (d) Armed robbery.
    (e) Aggravated burglary.
    (f) Forcible or second degree rape.
    (g) Simple or third degree rape.
    (h) Second degree kidnapping.
    (i) Repealed by Acts 2001, No. 301, [section] 2.
    (j) Aggravated battery committed with a firearm.
    (k) A second or subsequent aggravated battery.
    (l) A second or subsequent aggravated burglary.
    (m) A second or subsequent offense of burglary of an inhabited dwelling.

Defendants argue that the present case is distinguishable from both *Hamilton* and *Matute* in that the district attorney here filed an indictment that includes an offense, armed robbery with a firearm, which is not one of the enumerated offenses in La. Ch.C. art. 305(B)(2). The district attorney is required to move for a transfer to criminal court pursuant to La. Ch.C. art. 857 as the offense of armed robbery with a firearm is enumerated in La. Ch.C. art. 857(A)(6) and, as such, can be prosecuted in the district court only after an Article 857 transfer hearing. The district court therefore did not abuse its discretion in granting Myles's motion to quash the indictment. Myles argues further that, where the indictment includes the offense of armed robbery with a firearm, the district attorney could not transfer the prosecution from Juvenile court to adult criminal court pursuant to La. Ch.C. art. 305(B)(3) by merely obtaining an indictment.

La. Ch.C. art. 305(B) states that

> (1) When a child is fifteen years of age or older at the time of the commission of any of the offenses listed in Subparagraph (2) of this Paragraph, he is subject to the exclusive jurisdiction of the juvenile court until whichever of the following occurs first:
> (a) An indictment charging one of the offenses listed in Subparagraph (2) of this Paragraph is returned.
> (b) The juvenile court holds a continued custody hearing and finds probable cause that the child has committed any of the offenses listed in Subparagraph (2) of this Paragraph and a bill of information charging any of the offenses listed in Subparagraph (2) of this Paragraph is filed. During this hearing, when the child is charged with forcible or second degree rape or second degree kidnapping, the court shall inform him that if convicted he shall register as a sex offender for life, pursuant to Chapter 3-B of Title 15 of the Louisiana Revised Statutes of 1950.

In the brief filed on behalf of Smith, counsel cites cases in which the indictments originally charged the juvenile defendants with crimes enumerated in Article 305(B)(2), but later, the State amended the charges to non-enumerated offenses. In

each case, it was determined that the amended charges should have been properly tried in Juvenile court.

The most recent of these cases, *Newton,* 129 So.3d 11, involved a situation in which the juvenile defendant was indicted by grand jury for manslaughter (a charge enumerated in Subparagraph (2) of La. Ch.C. art. 305(B)) and, as such, jurisdiction was divested from Juvenile court. However, later the state amended the charge from manslaughter to inciting a riot. The Third Circuit determined that because inciting a riot was not an enumerated offense under La. Ch.C. art. 305(B)(2), the case was not properly tried before the criminal district court.

The *Newton* court observed, in the earlier case of *State ex rel. Davis,* the Louisiana Supreme Court "refused to allow the State to amend the charge to a non-enumerated offense without divesting the criminal district court of jurisdiction." *Newton,* 12-510, p. 4, 129 So.3d at 13. Further, in *State ex rel. Moore v. Warden of Louisiana State Penitentiary at DeQuincy,* 308 So.2d 749 (La. 1975), the Supreme Court found that the criminal district court lacked jurisdiction to accept a guilty plea by a juvenile to a non-enumerated offense.

These cases, of course, differ markedly from the instant one as both defendants are charged with crimes contemplated by La. Ch.C. art. 305(B)(2).

***Decree.***

Based on the above, the trial court erred in quashing the bill of indictment issued against Myles, to the extent he was charged with armed robbery with a firearm and attempted second degree murder. The trial court also erred in quashing the bill of indictment issued against Smith, to the extent she was charged with armed robbery with a firearm. Said charges are enumerated in Subparagraph (2) of La. Ch.C. art. 305(B), and therefore, upon the indictment, the juvenile court was

8

divested of jurisdiction and consequently this portion of the decision should be reversed and the case remanded to criminal district court for further proceedings.

However, the remaining charges, conspiracy to commit armed robbery with a firearm, discharging a firearm during a crime of violence and aggravated flight from an officer, are not enumerated in Subparagraph (2) of La. Ch.C. art. 305(B), and therefore, did not divest the juvenile court of jurisdiction. Accordingly, those charges pending in criminal district court were properly quashed and should be remanded to juvenile court for further proceedings.

**REVERSED IN PART, REMANDED IN PART**